## EILEEN A. ROBERTS v. CLARENCE A. ROBERTS.[1]

### January 26, 1917.

### Nos. 20,000—(145).

**Divorce — alimony — jurisdiction upon service by publication.**

1. A personal judgment or decree for alimony rendered in a divorce case against a nonresident of the state where the only service is by publication of the summons, is void, as is such a judgment rendered where the defendant is a resident of this state and can be found therein and the only service is by publication. But where the defendant is a resident of this state, but cannot be found therein, because he secretes himself within the state so service cannot well be made, the court acquires jurisdiction, on a service of publication only, to render a personal judgment for alimony.

**Summons — affidavit for publication.**

2. The affidavit and order for the publication of the summons in this case were sufficient to authorize service by publication, and contained no irregularities that affected the validity of the service.

**Modification of decree for alimony — lien on real estate.**

3. When the defendant, after a judgment for alimony is rendered against him, acquires real estate, the court has power to revise, modify and alter the judgment so as to make the alimony a specific lien on the real estate so acquired.

Action for divorce in the district court for Steele county. The case was tried without any appearance on behalf of defendant before Childress, J., who ordered judgment in favor of plaintiff. Plaintiff obtained an order requiring defendant to show cause why the orders speci-

[1] Reported in 161 N. W. 148.

fied in the second paragraph of the opinion should not be made. From the order made after the hearing of the order to show cause, defendant appealed. Affirmed.

*E. S. Thompson,* for appellant.

*J. A. & A. W. Sawyer,* for respondent.

BUNN, J.

This is a divorce action. The summons was served by publication, defendant did not appear, the case was tried and judgment of divorce entered February 10, 1915. There had been an order sequestrating certain personal property of defendant, and the judgment provided that the plaintiff recover of defendant the sequestration expenses, the costs of the action, $25 for her necessary expenses in a former action for divorce brought against her by defendant, and attorneys' fees in the sum of $150, and that defendant pay to plaintiff alimony at the rate of $35 per month beginning with February, 1915. The sheriff was directed to sell the articles of personal property taken in the sequestration proceedings, and pay from the proceeds the expenses of such proceedings, costs of the action, the $150 attorneys' fee, and the $25, expense incurred in the prior action.

In September, 1915, defendant's father died. On affidavits alleging that defendant, as one of the heirs of his father, was the owner of an undivided one-sixth interest in certain lands in Mower county, and subject to a life estate in his mother, the owner of a one-fourth interest in an improved farm of 240 acres in that county, plaintiff in April, 1916, applied to the court for an order: (1) Requiring defendant to pay the alimony accrued under the judgment; (2) increasing the alimony to $50 per month, payable as long as plaintiff should live; (3) ordering that the accrued alimony and each instalment thereof be made a specific lien upon defendant's interest in the lands mentioned; (4) ordering that the monthly alimony for the future be made a specific lien upon defendant's interest in said land; (5) fixing the amount of plaintiff's attorneys' fees and directing payment thereof by defendant. An order to show cause why the relief asked should not be granted was issued. According to the return of the sheriff of Hennepin county this order to show cause, the notice of motion and affidavits, as well as the summons

and complaint, findings, judgment and bill of costs were served personally upon defendant at Minneapolis on April 14, 1916. Defendant appeared "specially" by attorneys other than his present counsel, objecting to the jurisdiction of the court to grant any of the relief asked, on two grounds: (1) That the court never acquired jurisdiction in the action of the person of defendant, the summons having been served only by publication; (2) that the judgment for alimony or attorneys' fees is a judgment *in personam* and therefore void under the substituted service made. The court, on May 12, 1916, made its order, reciting this special appearance of defendant, and ordering that defendant forthwith pay to plaintiff the sum of $525 accrued alimony, and that this amount and the monthly payments of alimony thereafter, at the rate of $35 per month, be made a specific lien upon defendant's interest in the lands inherited from his father since the judgment was entered. Defendant was also directed to pay plaintiff's attorneys $75 as attorneys' fees, but the other relief asked was denied. The present appeal is by defendant from this order.

1. An important and interesting question presented by the appeal is whether the court had jurisdiction to render a personal judgment for alimony. Defendant was a resident of the state at the time the suit was begun. The affidavits for the order of publication showed that defendant was secreting himself within the state, that his whereabouts were unknown and could not be ascertained, and that personal service could not well be made. The order for service by publication found these facts true. Of course there can be no doubt that the court acquired jurisdiction of the *res,* the marriage status, but had it jurisdiction, on this substituted service, to render a personal judgment for alimony?

It is well settled that a personal judgment or decree for alimony rendered in a divorce case against a nonresident, where the only service is by publication, is void everywhere. Stallings v. Stallings, 127 Ga. 464, 56 S. E. 469, 9 L.R.A.(N.S.) 593; Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017. The rule is the same in any action *in personam* where the defendant is a nonresident, the service is by publication, and no property within the state is seized. Plummer v. Hatton, 51 Minn. 181, 53 N. W. 460; 2 Dunnell, Minn. Dig. § 7836.

It is equally clear that an attempted service by publication upon a

resident defendant who is personally present within the state and can be found therein confers no jurisdiction to render a personal judgment, because not due process of law.   Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, 9 L.R.A. 152, 20 Am. St. 547; Smith v. Hurd, 50 Minn. 503, 52 N. W. 922, 36 Am. St. 661; McNamara v. Casserly, 61 Minn. 335, 63 N. W. 880.

What is the law when the service is by publication against a resident defendant who is in fact within the state, but cannot be found therein because he conceals himself so that personal service cannot be made?   That is the situation we have in the present case, as shown by the affidavit and order for publication.   Our statute authorizes service by publication in a divorce action, as in the other cases specified in G. S. 1913, § 7738, when there is the required return of the sheriff and the affidavit of plaintiff or his attorney states either that the defendant is not a resident of the state, or that he cannot be found therein, and the court orders such service.   Section 7737.   Our statute directly authorizes, therefore, a service by publication in a divorce action when the defendant is a resident of the state, but cannot be found therein.   The question whether such a service confers jurisdiction to render a personal judgment for alimony has not been directly decided in this state.   In Bardwell v. Collins, supra, the defendant was a resident of the state, personally within it, and could be found therein.   The decision is expressly limited to cases where the defendant is a resident of the state and can be found therein, and the opinion of Mr. Justice Mitchell clearly recognizes the existence of statutes authorizing service by publication against defendants who could not be found within the jurisdiction, either because of nonresidence, or because they have absconded or concealed themselves to avoid the service of process, and recognizes that authorities uphold the validity of such statutes.   There is nothing in any case in this state that denies that such a service is due process of law and confers jurisdiction in an action *in personam*, or to render a personal judgment in an action *in rem*.   It seems to us that statutes authorizing service by publication in such cases, are well within the power of the state to legislate as to its own citizens, and that, on principle and the weight of authority, a duly-authorized service by publication on a defendant in a divorce action who is a resident of and within the state, but cannot

be found therein because he conceals himself to avoid the service of process, confers jurisdiction to render a personal judgment for alimony. The exact question is discussed at length in the note to Raher v. Raher (Iowa), 35 L.R.A.(N.S.) 292, where the cases are cited and discussed, with a conclusion in accord with that we have here reached. This note taken in connection with the note to Stallings v. Stallings, before referred to, and the note to Pinney v. Providence Loan & Investment Co. (Wis.) 50 L.R.A. 577, contains such a full and complete review and analysis of the cases that we find it unnecessary to cite or further discuss them here, or to elaborate the view we have expressed.

2. Defendant attacks the service by publication for various alleged insufficiencies in the affidavit and order for publication. We have considered all of these points, and find them without merit. The affidavit fully warranted the order made, and we find no irregularity sufficient to affect the validity of the service.

3. As has been stated, the order appealed from granted plaintiff's motion to make the alimony awarded by the judgment, both that which had accrued and the monthly payments as they should thereafter become due, a specific lien on the real estate which defendant had inherited since the judgment. It is strenuously urged by defendant that the court erred in this. There is no question of jurisdiction over the person here, as defendant was personally served with the moving papers. He did not raise this question in the court below. While there are decisions in other states to the effect that an award of alimony must be fixed in view of the circumstances as they exist at the time of the decree, and that property thereafter acquired by the husband cannot be taken into account, these cases are not of pursuasive force or of much value in view of our statutes relative to the awarding of alimony and the revision and alteration of a decree respecting the amount or the terms of payment. The statute expressly gives the court power to make any order in respect to the alimony that it might have made in the original action. G. S. 1913, §§7128, 7129. Whether an order making the alimony a specific lien is necessary to its being a lien on defendant's real estate, we need not here determine. See Kerr v. Kerr, 216 Pa. St. 641, 66 Atl. 107, 9 Ann. Cas. 90; McIntyre v. McIntyre, 120 Ga. 67, 47 S. E. 501, 102 Am. St. 704, 1 Ann. Cas. 606. Clearly the decree could make the

135 M—26

alimony a specific lien on real estate of defendant owned by him at the time of the judgment. Mahoney v. Mahoney, 59 Minn. 347, 61 N. W. 334. When the husband acquires property after the decree, so that there is a material change in his financial condition, there is no doubt of the right to revise the decree by increasing the amount, and we see no reason why the decree may not be revised so as to make the original award a specific lien on the after-acquired real estate. See 1 Dunnell, Minn. Dig. § 2805, and cases cited. Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129; Warren v. Warren, 116 Minn. 458, 133 N. W. 1009; Hoff v. Hoff, 133 Minn. 86, 157 N. W. 999.

It is unnecessary to further extend this opinion. The order of the trial court is affirmed. Plaintiff is allowed the sum of $132, as and for attorneys' fees and expenses on this appeal, and judgment therefor will be entered against defendant in this court.