## ANNIE HESEBECK v. JOHN HESEBECK.[1]

May 22, 1925.

No. 24,701.

**Modification of decree for alimony sustained.**

    The court did not err in modifying a judgment for the payment of alimony by making the instalments immediately payable and sequestering the defendant's personal property and applying its proceeds in payment.

    1. See Divorce, 19 C. J. p. 273, § 619.

[1]Reported in 203 N. W. 966.

Defendant appealed from a modification of an award of alimony, Nelson, J., in a divorce action brought in the district court for Cottonwood county. Affirmed.

*N. L. Glover*, for appellant.

*O. J. Finstad*, for respondent.

DIBELL, J.

The plaintiff and the defendant were divorced on January 23, 1923. The plaintiff was awarded alimony of $6,000, payable in half yearly instalments, with interest, and it was charged as a lien upon a quarter section of land owned by the defendant. On August 15, 1923, the judgment was modified on the application of the defendant by reducing the alimony to $4,000. On January 19, 1925, the court, on the application of the plaintiff, modified the judgment so as to make the $2,000 remaining unpaid, $2,000 having been theretofore paid, immediately payable, and directing that the proceeds of the sale of the defendant's personal property, then advertised by him for sale at public auction, be retained until the further order of the court, except a sum due a chattel mortgagee of the property, and charging the proceeds with a lien in favor of the plaintiff. The propriety of this modification is assailed by the defendant's appeal.

There were two mortgages upon the quarter section. The junior one was foreclosed and title passed. The plaintiff no longer had a lien. There is evidence that the defendant intended going to Canada after the sale of his personal property, taking its proceeds. There is evidence, not denied by him, that he had said that the plaintiff would get no more payments of alimony. He had been dilatory in paying the first $2,000, and coercive measures had been necessary.

The statute authorizes the court to make the award of alimony "a specific lien upon any specified parcels of his real estate." G. S. 1923, § 8602; G. S. 1913, § 7128. It does not authorize making it a lien upon personal property; and in Longbotham v. Longbotham, 119 Minn. 139, 137 N. W. 387, it was held that the right to a lien was statutory, and that in that case it was imposed improperly upon personal property.

The statute provides further that the court may "revise and alter such order or decree respecting the amount of such alimony or allowance, and the payment thereof * * * and may make any order respecting any of the said matters which it might have made in the original action." And upon the failure of the husband to pay "the court may sequester his personal estate, * * * appoint a receiver thereof, and cause such personal estate * * * to be applied according to the terms of such order or decree." G. S. 1923, §§ 8603, 8604; G. S. 1913, §§ 7129, 7130.

There was no impropriety in modifying the decree under the facts which we have stated, so as to make the alimony immediately payable. In principle Roberts v. Roberts, 135 Minn. 397, 161 N. W. 148, L. R. A. 1917C, 1140, is authority. Nor was it wrong to provide for the application of the proceeds of the sale to its payment. This was merely the sequestration for which the statute provides. That the court used the word "lien" in connection with the sequestration is unimportant. What the order accomplished was a sequestration.

Affirmed.