## SANTINA ALLEGREZZA v. FRANK ALLEGREZZA.[1]

May 2, 1952.

No. 35,726.

*Manuel H. Stein, Edward L. Boyle,* and *Fryberger, Fulton & Boyle,* for appellant.

*I. R. Galob* and *Wangensteen & Bangs,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Plaintiff brought an action for divorce against defendant, charging him with cruel and inhuman treatment. She demanded judg-

[1]Reported in 53 N. W. (2d) 133.

ment for an absolute divorce, distribution of property, suit money, attorney's fees, and costs. The summons and complaint were served on defendant personally on January 9, 1951, in Los Angeles county, California. The case came on for trial as a default matter before the court without a jury, it having been made to appear to the court that defendant failed to serve or file an answer and to appear either personally or by an attorney in the matter. After hearing the evidence, the court found in favor of plaintiff and granted her an absolute divorce on the ground of cruel and inhuman treatment. It also awarded her a one-third interest in a contract for deed between plaintiff and defendant and Chisholm Theater, Inc., on property described as lot 21 of block 10, Chisholm, St. Louis county, Minnesota, and directed the theater corporation to pay plaintiff an amount equal to one-third of the principal sum due on the contract for deed, namely, $5,888, as well as one-third of the interest on the principal amount as it accrued. The court also awarded plaintiff alimony of $100 per month, attorney's fees, and costs, and ordered that the judgment constitute a lien in favor of plaintiff upon the above-described property. Judgment was entered accordingly. Defendant moved to set aside that part of the judgment which he claims constituted a judgment in personam, which motion was denied, and defendant appealed.

The only assignment of error made by defendant is that the court erred in rendering a personal judgment against him.

Defendant raises this legal question on appeal: Did the trial court, by service of process upon defendant without the state, acquire jurisdiction to enter a judgment in personam against him?

Defendant argues that it did not. He claims that this action is in part an action in rem and in part an action in personam; that the marriage status or relation existing between the parties is the *res;* and that the part of the action in which plaintiff seeks to have the marriage dissolved is an action in rem. He further contends that the part of the action in which plaintiff demands a distribution of property belonging to defendant and the payment of alimony, at-

torney's fees, and costs proceeds against defendant personally and not against the *res* and is an action in personam. He concedes that the court had jurisdiction to grant plaintiff the divorce, but not to render a judgment against him in personam.

Plaintiff's position is that it is an action in rem; that she is not seeking a personal judgment against defendant for alimony, attorney's fees, and an equitable division of the property, but is seeking a decree in rem against all his property within the state of Minnesota.

There can be no doubt that the district court acquired jurisdiction of the *res,* the marriage status. Roberts v. Roberts, 135 Minn. 397, 161 N. W. 148, L. R. A. 1917C, 1140. That part of the action is in rem. The court had jurisdiction to grant plaintiff the divorce.

While the trial court found, among other things, that plaintiff and defendant resided in St. Louis county, Minnesota, for more than one year immediately preceding the commencement of the action, it appears from an affidavit signed by defendant in support of his motion to vacate that part of the judgment against him which he claims constitutes a personal judgment that at the time the summons and complaint were served upon him on January 9, 1951, he was residing at 7113 D Seville avenue, Huntington Park, California, the same address as that shown in the affidavit of service made by the deputy sheriff of Los Angeles county, California. An affidavit by plaintiff's attorney, opposing the motion to vacate the judgment in part, states that at the time of the service on defendant in California he was out of the state only temporarily and was residing with a daughter in California while attempting to cure an arthritic condition. In any event, it is undisputed that personal service of the summons was made upon him in California, which had the same effect as service by publication. It was constructive service. M. S. A. 543.11.

We next come to the question whether the trial court, by the service of process against defendant outside the state, acquired

jurisdiction to enter a judgment in personam against him. It is our opinion that it did not. Since defendant was not personally served with process within the state and has failed to enter a general appearance or to submit to the jurisdiction of the court, it lacked jurisdiction to grant relief in personam against defendant. Brocklesby v. Brocklesby, 104 N. Y. S. (2d) 340; Estin v. Estin, 334 U. S. 541, 68 S. Ct. 1213, 92 L. ed. 1561, 1 A. L. R. (2d) 1412; Jackson v. Jackson, 290 N. Y. 512, 49 N. E. (2d) 988, 147 A. L. R. 668. Where there is no personal service upon defendant in a divorce case within the state and no appearance by him, the trial court is without jurisdiction to enter a personal decree against him for the .payment of alimony, attorney's fees, or court costs. Mowrey v. Mowrey, 328 Ill. App. 92, 65 N. E. (2d) 234. Judgment for permanent alimony in such case is one in personam. Walker v. Walker, 53 Ga. App. 769, 187 S. E. 164. The general rule is that a court has no jurisdiction to award a personal judgment for alimony in a divorce action against a nonresident if there is no personal service of process in the action within the state and defendant does not appear, it being insufficient that there has been service by publication or by personal service in another state. 2 Nelson, Divorce and Annulment, § 14.12, and cases cited under note 66.

It is also our opinion, under the circumstances here, that the court acquired no jurisdiction over the contract for deed so as to enable it to adjudge a one-third interest in it to plaintiff. In the first place, there is nothing in the pleadings which describes the property referred to in the contract for deed. It is elementary in a default divorce action that the court cannot go beyond the pleadings. The only reference in the pleadings to any real estate is in paragraph 6 of the complaint, which alleges that in 1947 defendant sold a piece of real estate (not described) in the city of Chisholm for $28,500, on which there is still due about $20,000 and on which he receives about $300 per month principal and accrued interest, and that in October 1950 he sold a piece of real estate (not described) in Hibbing for $3,500. There is nothing in the record to

show that the property described in the contract for deed referred to in paragraph 2 of the court's conclusions of law was ever attached or seized by any legal process, nor is there any legal seizure or attachment shown as to the contract for deed. It is our opinion that such a vague and indefinite reference to property owned or formerly owned by defendant, with no attachment or legal seizure of the property, could give the court no jurisdiction over it which would permit a judgment in personam against defendant under the record in the instant case.

That part of the judgment appealed from which constitutes a judgment in personam against defendant is reversed.

Reversed.