## MARY A. GILL v. RAYMOND S. GILL.

152 N. W. (2d) 309.

June 30, 1967—No. 40,464.

*Smith & Munro,* for appellant.

NELSON, JUSTICE.

This appeal involves a divorce action in which the summons was served upon defendant-husband, Raymond S. Gill, by publication. Plaintiff, Mary A. Gill, the appellant herein, obtained an order for publication based on her affidavit that defendant was secreting himself within the state to avoid personal service. Her affidavit stated:

"That although your affiant knows that defendant is living somewhere in the Minneapolis area, she has no knowledge as to his place of residence or the nature of his employment, if any. Defendant makes phone calls to your affiant on infrequent occasions but refuses to disclose same.

"That your affiant has informed defendant of the institution of this action and the necessity of serving papers for commencement thereof, but despite the fact that defendant expresses no desire to contest the suit,

he is disinclined to reveal his whereabouts for fear of being 'locked up'. Acting under the advice of counsel, your affiant has endeavored to explain the situation to defendant in the hopes of dispelling his apprehensions but such efforts have been to no avail.

"That both your affiant and her attorneys have spoken with defendant's parents making similar explanations to them for the purpose of locating defendant but again without result, the reason being that 'he is not a criminal'.

"That by reason of the foregoing, defendant is willfully concealing himself within the state for the purpose of evading service of process and your affiant knows of no way of effecting such service except by publication pursuant to statutory provision therefor."

Defendant did not appear personally or through an attorney, the only service of process being substitute service by publication pursuant to Rule 4.04(3), Rules of Civil Procedure, which provides for such service "[w]hen the action is for divorce or separate maintenance and the court shall have ordered that service be made by published notice."

After trial the district court found that the facts stated in the affidavit for publication were consistent with the testimony offered at the trial; that defendant was secreting himself within the state to avoid personal service; and that plaintiff was entitled to an absolute divorce and to the custody of the parties' minor children. However, the court specifically reserved awarding support and alimony "until such time as this Court shall have personal jurisdiction over the defendant."

Plaintiff's appeal is limited to one question: Whether the trial court has jurisdiction to award alimony and support where service of process is made by publication pursuant to a court order based upon an affidavit of the plaintiff stating that defendant is a resident but is secreting himself within the state to avoid personal service.

The question whether such a service confers jurisdiction to render a personal judgment for alimony was directly decided in this state in Roberts v. Roberts, 135 Minn. 397, 161 N. W. 148, L. R. A. 1917C, 1140. As was said in the Roberts case, it is well settled that a personal judgment or decree for alimony rendered in a divorce case against a *nonresident* where the only service is by publication is void everywhere and the rule

is the same in any action is personam where the defendant is a nonresident, the service is by publication, and no property within the state is seized. It is equally clear that an attempted service by publication upon a resident defendant who is personally present within the state *and can be found therein* confers no jurisdiction to render a personal judgment, because not due process of law. In Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, 9 L. R. A. 152, 20 A. S. R. 547, the defendant was a resident of this state, personally within it, and could be found therein, and a statute purporting to authorize service upon such persons by publication was held unconstitutional. However, the opinion of Mr. Justice Mitchell in the Bardwell case clearly recognizes the validity of statutes authorizing service by publication against defendants who could not be found within the jurisdiction, either because of nonresidence or because they have absconded or concealed themselves to avoid the service of process.

Mr. Justice Bunn, in Roberts v. Roberts, 135 Minn. 397, 400, 161 N. W. 148, 149, L. R. A. 1917C, 1140, said:

"* * * There is nothing in any case in this state that denies that such a service [by publication when a resident defendant conceals himself within the state to avoid personal service] is due process of law and confers jurisdiction in an action *in personam,* or to render a personal judgment in an action *in rem.* It seems to us that statutes authorizing service by publication in such cases, are well within the power of the state to legislate as to its own citizens, and that, on principle and the weight of authority, a duly-authorized service by publication on a defendant in a divorce action who is a resident of and within the state, but cannot be found therein because he conceals himself to avoid the service of process, confers jurisdiction to render a personal judgment for alimony. The exact question is discussed at length in the note to Raher v. Raher, [ 150 Iowa 511, 129 N. W. 494] 35 L. R. A. (N.S.) 292, where the cases are cited and discussed, with a conclusion in accord with that we have here reached. This note taken in connection with the note to Stallings v. Stallings [127 Ga. 464, 56 S. E. 469, 9 L. R. A. (N.S.) 593] and the note to Pinney v. Providence Loan & Investment Co. [106 Wis. 396, 82 N. W. 308] 50 L. R. A. 577, contains such a full and complete review and analysis of

the cases that we find it unnecessary to cite or further discuss them here, or to elaborate the view we have expressed."

Thus, in substance, the Roberts case holds (135 Minn. 397, 161 N. W. 148):

"A personal judgment or decree for alimony rendered in a divorce case against a nonresident of the state where the only service is by publication of the summons, is void, as is such a judgment rendered where the defendant is a resident of this state and can be found therein and the only service is by publication. But where the defendant is a resident of this state, but cannot be found therein, because he secretes himself within the state so service cannot well be made, the court acquires jurisdiction, on a service of publication only, to render a personal judgment for alimony."

In order for the Roberts case to be presently binding in this court, the Minnesota statutes under which the Roberts case was decided must be similar in content to Rule 4.04, Rules of Civil Procedure, and the holding must not transgress present-day concepts of due process.

The first Minnesota publication statute, G. S. 1866, c. 66, § 49, provided in part:

"When the defendant cannot be found within the state [as evidenced by a sheriff's return and the affidavit of plaintiff] * * * such court, or judge, may grant an order that the service be made by the publication of the summons in either of the following cases:—

\* \* \* \* \*

"*Second.* When the defendant being a resident of this state has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent;

"*Third.* When the defendant is not a resident of the state, but has property therein * * *.

"*Fourth.* When the action is for divorce in the cases prescribed by law."

L. 1869, c. 73, § 1, amended and modified the 1866 statute by eliminating the requirement that the court make a finding as to the sufficiency of the complaint before ordering service by publication. L. 1903, c. 341, amended the 1869 statute to provide for quasi-in-rem jurisdiction over resident individuals who have departed from the state or cannot be found.

The law of Minnesota continued in similar form in Minn. St. 543.11 and 543.12 until 1952 when Minnesota adopted Rule 4.04, Rules of Civil Procedure, which provides in part:

"Such service [by publication] shall be sufficient to confer jurisdiction:

"(1) When the defendant is a resident individual having departed from the state with intent to defraud his creditors, or to avoid service, or keeps himself concealed therein with like intent;

\* \* \* \* \*

"(3) When the action is for divorce or separate maintenance and the court shall have ordered that service be made by published notice."

It is clear that in content Rule 4.04 is substantially the same as the statute in effect when Roberts was decided and thus empowers Minnesota courts to exercise personal jurisdiction by means of service through publication over a resident defendant who conceals himself within the state for the purpose of avoiding personal service unless the holding in Roberts contravenes the due process clause of the Federal Constitution.

Four frequently cited United States Supreme Court cases establish the permissible limits under the due process clause. In the first, Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565, it was held that an in personam judgment obtained against a *nonresident* on constructive service of process was invalid under the due process clause and unenforceable against the nonresident's property within the state.

The second case, Pennington v. Fourth Nat. Bank, 243 U. S. 269, 37 S. Ct. 282, 61 L. ed. 713, held valid under the due process clause a judgment directing a bank to make payments from a nonresident's account to his wife, where the nonresident had been served by publication only.

The third case, Milliken v. Meyer, 311 U. S. 457, 462, 61 S. Ct. 339, 342, 85 L. ed. 278, 283, determined that as far as Federal constitutional due process requirements are concerned, domicile within a state—

"\* \* \* is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service. \* \* \* 'Enjoyment of the privileges of residence within the state, and the attendant right to invoke the protection of its laws, are inseparable' from the various incidences of state cit-

izenship. * * * One such incident of domicile is amenability to suit within the state * * * where the state has provided and employed a reasonable method for apprising such an absent party of the proceedings against him."

The last of the four cases wherein the Supreme Court considered whether service by publication met the requirement of due process is Mullane v. Central Hanover Bank & Trust Co. 339 U. S. 306, 70 S. Ct. 652, 94 L. ed. 865. Although the principal concern there was the sufficiency of notice by publication to beneficiaries of judicial settlement of trust accounts, the problem involved notice to beneficiaries of unknown interests and of *unknown whereabouts*. The court said that an elementary and fundamental requirement of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present objections." 339 U. S. 314, 70 S. Ct. 657, 94 L. ed. 873.

Further, while the court agreed that publication is not a reliable means of acquainting interested parties with the fact that their rights are before the court, it observed that it has not hesitated "to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning." 339 U. S. 317, 70 S. Ct. 658, 94 L. ed. 875. Following this reasoning, the court held that notice by publication was sufficient as to beneficiaries whose interests or whereabouts could not be ascertained.

Following these authorities, does the Minnesota rule violate the due process clause? We think not. The assertion of such jurisdiction by publication in a divorce suit over a *resident* who hides himself is justified by the state's power over its residents.[1] Such service, being the only service possible in this case, is in fact dictated by necessity.

---

[1] The general rule is that a court has no jurisdiction to award a personal judgment for alimony in a divorce action against a *nonresident* if there is no personal service of process in the action within the state and defendant does not appear, it being insufficient that there has been service by publication or by personal service in another state. 2 Nelson, Divorce and Annulment (2 ed.) § 14.12, and cases cited; Allegrezza v. Allegrezza, 236 Minn. 464, 53 N. W. (2d) 133.

Therefore, following the Roberts case and the guideline of due process, we hold that Rule 4.04(3), Rules of Civil Procedure, empowers Minnesota courts in an action for divorce to exercise personal jurisdiction over a resident defendant served by publication subsequent to the filing of an affidavit stating that the defendant is a resident secreting himself within the state to avoid personal service and the issuance of an order granting publication. When these are the facts, there is no reason why personal jurisdiction should not attach in divorce cases.

The Roberts case has been well received. It is cited in support of the following statement in 24 Am. Jur. (2d) Divorce and Separation, § 543:

"Generally, most courts support the view that a personal judgment may be rendered against a resident defendant who has been served constructively by publication in accordance with the local statute governing such service. Accordingly, if the defendant husband in a divorce action is a resident of, or domiciled in, the state in which the action is brought, a court may, pursuant to statutory authorization, render a personal judgment against him for alimony upon constructive service even where he has no property within the jurisdiction of the forum."

The Roberts case is also cited for the statement in 27B C. J. S., Divorce, § 247:

"* * * An attempted service by publication on a resident defendant who is personally present within the state and can be found therein confers no jurisdiction to render a personal judgment for alimony, *except where he cannot be found therein because he conceals himself to avoid the service of process.*" (Italics supplied.)

In Dirksen v. Dirksen, 72 N. Y. S. (2d) 865, defendant had been served by means of publication and the referee held that no grant of alimony could be made in the absence of personal service of process upon the defendant. In so holding, the referee relied on an earlier case, May v. May, 233 App. Div. 519, 253 N. Y. S. 606. The appellate court held that this case was authority for the position taken by the referee prior to amendments to the Civil Practice Act, but that the legislative history of these amendments showed that their purpose was to take advantage of the

decision of Milliken v. Meyer, *supra.* The court then said (72 N. Y. S. [2d] 866):

"* * * This latter decision [Milliken v. Meyer, 311 U. S. 457, 61 S. Ct. 339, 85 L. ed. 278] holds that 'Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service.' Such service there has been in this case. Jurisdiction sufficient to enable the granting of a personal judgment must therefore he held to exist and it must likewise be held that the legislature has in effect overruled May v. May, supra. There is sufficient testimony in the record to permit fixing of alimony in the sum of $150 monthly and it is so fixed."

The attitude of the Minnesota court regarding service by publication is exemplified in Wiik v. Russell, 173 Minn. 580, 583, 218 N. W. 110, 111:

"* * * That service of summons by publication upon a resident of the state, who is present therein, may be made when such person either conceals himself for the purpose of avoiding service or when, after the exercise of due diligence in searching for him, neither he nor any place of his residence can be found in the state at which service can be made, appears to be settled by the cases of Van Rhee v. Dysert, 154 Minn. 32, 191 N. W. 53, and Jacob v. Roberts, 223 U. S. 261, 32 S. Ct. 303, 56 L. ed. 429."

It is unnecessary to further extend this opinion except to state that the order, decree, and judgment of the court below are affirmed, except in so far as they provide that the court is reserving the ordering of support and alimony until such time as it shall have obtained personal jurisdiction over the defendant through personal service, which holding is reversed. The case is remanded to the trial court to order support and alimony pursuant to the jurisdiction acquired on the service of publication in the instant case and to render a personal judgment therefor.

Affirmed in part and reversed in part.