593 P.2d 1075

**John C. CLARK, Plaintiff-Appellant,**

v.

**Louis LeBLANC and Dorothy LeBlanc, his wife, Defendants-Appellees.**

**No. 11848.**

Supreme Court of New Mexico.

May 1, 1979.

William N. Henderson, Albuquerque, for plaintiff-appellant.

David L. Norvell, Albuquerque, for defendants-appellees.

## OPINION

EASLEY, Justice.

John C. Clark sued Louis and Dorothy LeBlanc (LeBlanc) to enforce a judgment. The trial court granted a default judgment for Clark. LeBlanc moved to set aside the judgment. The court granted the motion and certified the cause for interlocutory appeal. We granted the appeal and reverse the trial court.

The principal issue is whether service by publication gives the district court jurisdiction in an *in personam* action if it is established that LeBlanc left the state and concealed himself in order to avoid service. We also inquire whether the court erred in failing to find that LeBlanc left the state and concealed himself to avoid service.

Judgment in the first action was against a corporation. The present suit was brought seeking to enforce that judgment against LeBlanc individually, alleging that he was the alter ego of the corporation. Default judgment was entered in favor of Clark. Jurisdiction was based on publication of notice as specified by N.M.R.Civ.P. 4(g), N.M.S.A.1978. LeBlanc claims that *in personam* jurisdiction in this action was lacking due to inadequate service of process.

LeBlanc relies on several cases to the effect that a personal judgment cannot be based upon constructive service of process. *E. g., Sullivan v. Albuquerque Nat. Trust & Savings Bank,* 51 N.M. 456, 188 P.2d 169 (1947); *State v. District Court of Ninth Judicial Dist., Curry County,* 44 N.M. 16, 96 P.2d 710 (1939). It is important, however, that in all of the cases cited, the defendant was not a resident of New Mexico.

Two functions are served by service of process by personal delivery of the papers within the state. First, it shows that defendant has an appropriate relationship to the state and is within the power of the court generally. The LeBlancs do not contest the fact they have such a relationship; they admit that they were and continue to be residents of New Mexico. The "minimum contact" test of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), is clearly satisfied.

The second function served by requiring personal service is to give the defendant notice of the proceeding against him. It is clear that due process prohibits the use of constructive service where it is feasible to give notice to the defendant in some manner more likely to bring the action to his attention. *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Chapman v. Farmers Ins. Group,* 90 N.M. 18, 558 P.2d 1157 (Ct.App.1976), *cert. denied,* 90 N.M. 254, 561 P.2d 1347 (1977), our Court of Appeals held that service by publication is effective only in *in rem* actions, where the defendant is given constructive notice of the action when the court assumes control of defendant's property located within the jurisdiction.

We agree with the application of the *Chapman* rule in most cases, but we feel that an exception is called for in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process. In concealing himself, the defendant, by his own action, renders personal service of process impossible. This action constitutes a waiver of notice of the proceedings sought to be avoided. In *Chapman,* the Court of Appeals particularly noted that the record contained no indication that the defendant had deliberately concealed himself and that she had no reason for doing so. To allow a person to escape his civil obligation by purposefully hiding himself would be to encourage deception.

This principle has been used to uphold awards of alimony made against a husband who concealed himself within the state to avoid service of process. Constructive service was held sufficient for such an *in personam* judgment in *Gill v. Gill,* 277 Minn. 166, 152 N.W.2d 309 (1967), and *Roberts v. Roberts,* 135 Minn. 397, 161 N.W. 148 (1917).

Rule 4(g) authorizes service by publication where a defendant

resides or has gone out of the state, or has concealed himself within the state, has avoided service of process upon him or his or their whereabouts cannot be discovered after due inquiry and search has been made, or is in any manner situated so that process cannot be served upon him or them . . . .

The case in which a resident defendant has effectively concealed himself outside the state clearly satisfied one or more of the requirements.

The trial court concluded that it did not have jurisdiction over LeBlanc, as no personal service was obtained in New Mexico or by the long arm statute outside New Mexico, and that the suit filed by Clark was an *"in personam"* action. It is clear that the decision rested upon the erroneous conception of the law that service by publication would not give rise to *in personam* jurisdiction, even if LeBlanc deliberately concealed himself. Thus, the trial court did not reach the question of whether LeBlanc did purposefully conceal himself to avoid service of process. Since the issue was not material to the consideration by the court, the court's refusal to adopt plaintiff's requested finding to that effect cannot be held to constitute a finding to the contrary. *Cf. Sanchez v. Sanchez,* 84 N.M. 498, 505 P.2d 443 (1973); *Gallegos v. Wilkerson,* 79 N.M. 549, 445 P.2d 970 (1968).

We reverse the trial court's order, as it was based on an incorrect rule of law. We remand the matter to the trial court for a finding as to whether LeBlanc purposefully concealed himself to avoid service of process, further testimony being taken only if desired by the court. If it is determined that there was a purposeful concealment, the default judgment should be allowed to stand; if not, it should be vacated.

IT IS SO ORDERED.

McMANUS, Senior Justice and FEDERICI, J., concur.