732 P.2d 876

Albert J. PADILLA, Plaintiff-Appellee,

v.

George CHAVEZ, d/b/a McDonald's of Las Vegas, and Pacific Employers Insurance Company, Defendants and Third-Party Plaintiffs-Appellants,

v.

Vicente B. JASSO, Superintendent of Insurance of the State of New Mexico, and the New Mexico Subsequent Injury Fund, Third-Party Defendants-Appellees.

No. 9475.

Court of Appeals of New Mexico.

Jan. 6, 1987.

**350**

Scott P. Hatcher, Felker & Ish, P.A., Santa Fe, for defendants and third-party plaintiffs-appellants.

Marshall G. Martin, Mel E. Yost, Christopher M. Moody, Poole, Tinnin & Martin, P.C., Santa Fe, for third-party defendants-appellees.

Patrick A. Casey, Frank Bachicha, Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

After finding claimant fifty percent permanently, partially disabled and apportioning that disability eighty percent to the 1982 subsequent accidental injury for which claim was made and twenty percent to a prior work-related accidental injury, the trial court concluded that the Subsequent Injury Fund (Fund) was not liable for any portion of the worker's compensation benefits awarded claimant. This determination was based on the fact that the employer did not have actual knowledge of claimant's pre-existing physical impairment and the certificate of pre-existing impairment was not executed or filed until after the subsequent injury. *Fierro v. Stanley's Hardware*, 104 N.M. 50, 716 P.2d 241 (1986). The employer, McDonald's of Las Vegas, and its carrier (employer) appeal only from that portion of the judgment holding that the Fund is not liable. Employer argues that the Fund should be liable for its apportioned share of the benefits where employer has made diligent efforts to ascertain the existence of a pre-existing injury, even though employer does not gain any actual knowledge of a pre-existing injury. We affirm the trial court.

In the present case, claimant had suffered a work-related accidental injury approximately twelve years before he was hired by employer. In the intervening years, claimant had returned to strenuous labor with no apparent disability. The "diligent effort" made by employer to ascertain claimant's pre-existing impairment consisted of questions on the written application and during the interview as to whether claimant had any prior health problems or physical defects which could affect his employment. Claimant responded in the negative. Employer did not learn of the previous accident and injury until it undertook discovery in the present case. It then joined the Fund as a third-party defendant. NMSA 1978, § 52-2-5(B).

Employer argues that the policies of the Subsequent Injury Act (Act), NMSA 1978, Sections 52-2-1 to -13, would be frustrated if the trial court is affirmed. The Act is intended to encourage the hiring and retention of handicapped persons and to make logical and equitable adjustments of the

employer's liability. § 52–2–2; *Vaughn v. United Nuclear Corp.*, 98 N.M. 481, 650 P.2d 3 (Ct.App.1982), reaffirmed in *Fierro.* The purpose of filing a certificate is to provide notice to the employer of any pre-existing disability and to document the nature and extent of the disability. *Vaughn.* In *Vaughn,* this court determined that there was substantial compliance with the filing requirements of the Act when the employer had actual knowledge of the pre-existing injury even though the certificate was filed after the subsequent injury.

We decline to extend the rationale of *Vaughn* to the present situation. To permit an employer's efforts in ascertaining knowledge to substitute for actual knowledge when the certificate is filed after the subsequent injury would effectively nullify the certificate requirements of Section 52–2–6 (Cum.Supp.1986). Considering that actual knowledge serves the legislative purpose of providing the employer with notice of a pre-existing injury, *Vaughn* and *Fierro,* a lack of knowledge or notice, for whatever reason, does not serve that purpose.

Although the Act is to be construed liberally, any construction must give effect to its stated purposes and announced legislative intent. *Vaughn.* The legislature has determined that the most appropriate means of insuring notice of a pre-existing injury or disability is the filing of a certificate. To determine that an employer may ask a few questions concerning prior health problems which might affect a potential employee's work as substantially complying with the filing requirements of the Act would not give effect to either the stated purposes of the Act or the legislature's intent. Moreover, where an employer hires a worker without knowing of any pre-existing physical impairment, the legislative purpose of not discriminating against the handicapped is served since an employer cannot discriminate on the basis of something it does not know.

We note that the distinction employer attempts to draw regarding the necessity of actual knowledge at the time of hiring, compared to actual knowledge after hiring but before the subsequent injury, ignores the purpose of the Act in encouraging the hiring and *retention* of handicapped workers. *Vaughn.* Requiring actual knowledge any time before the subsequent injury occurs is consistent with this purpose. *Fierro.*

Employer argues that upholding the trial court's decision will impose an undue burden on employers in ascertaining the existence of a pre-existing injury. This need not be the case. If the employer in the present case had asked more precise questions, it might have easily ascertained the existence of the previous injury. The out-of-state cases cited by employer are distinguishable on their facts and the applicable law. *See, e.g., Royce v. Southwest Pipe of Idaho,* 103 Idaho 290, 647 P.2d 746 (1982) (actual knowledge not required by statute or case law).

We note that employer, given false information at the time of hiring, may have a defense to the claim for compensation. In *Martinez v. Driver Mechenbier, Inc.,* 90 N.M. 282, 562 P.2d 843 (Ct.App.1977), this court held that a claim for worker's compensation may be barred where (1) the employee knowingly and willfully made a false representation as to his physical condition; (2) the employer relied on the false representation and the reliance was a substantial factor in the hiring; and (3) there exists a causal connection between the false representation and the injury. Thus, the employer is not without recourse.

In light of the foregoing, we need not determine, as urged by the Fund, whether claimant reasonably responded to employer's questions regarding prior health problems or physical defects.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.