764 P.2d 143

**Tim JIMERSON, Plaintiff–Appellant,**

v.

**ARAPAHOE DRILLING, Employer and the Home Insurance Company, Insurer, Defendants,**

**and**

**Fabian Chavez, Superintendent of Insurance, and the New Mexico Subsequent Injury Fund, Defendants and Third–Party Defendants–Appellees.**

**No. 10481.**

Court of Appeals of New Mexico.

Oct. 25, 1988.

Bruce P. Moore, Albuquerque, Victor A. Titus, Farmington, for plaintiff-appellant.

Ellen S. Casey, Hinkle, Cox, Eaton, Coffield & Hensley, Santa Fe, for defendants and third-party defendants-appellees.

## OPINION

DONNELLY, Chief Judge.

◼ This appeal poses the issue of whether a worker who has failed to satisfy the statutory provision requiring that timely notice of a work-related accident and injury be given to his employer under the Workers' Compensation Act may, nevertheless, maintain a separate action arising out of the same injury against the Subsequent Injury Fund (Fund). NMSA 1978, § 52-1-29 (Orig.Pamp.). We hold that plaintiff's failure to comply with the statute requiring notice to his employer also bars any claim against the Fund.

In 1981 plaintiff suffered a work-related injury while employed in Florida. As a result of his initial injury, plaintiff sustained a 10% disability. Thereafter plaintiff moved to New Mexico and secured employment with Arapahoe Drilling Company (Arapahoe). In December 1985 he suffered another injury and filed suit against Arapahoe, seeking recovery of worker's compensation benefits. Both plaintiff and Arapahoe moved to interplead the Fund as a defendant in the case.

Following trial, the trial court dismissed plaintiff's action against both Arapahoe and the Fund, finding that plaintiff had failed to give any written notice of accident to Arapahoe and that Arapahoe did not have timely actual knowledge of the accident. On appeal plaintiff does not contest the trial court's finding of lack of required notice or dismissal of his claim against Arapahoe. Instead, plaintiff maintains that although his action against Arapahoe was barred by a lack of notice as required by Section 52-1-29, he nevertheless is entitled to pursue a claim against the Fund under the Subsequent Injury Act (SIA). NMSA 1978, §§ 52-2-1 to -13 (Orig.Pamp. & Cum.Supp.1986).

We first address a threshold issue raised by the Fund concerning whether this court need reach the issue of notice since the trial court's decision contains no findings and conclusions that would subject the Fund to liability even if this court were to hold in plaintiff's favor on the notice question. The Fund argues that the trial court's refusal of Arapahoe's findings of fact amounted to a finding against plaintiff and Arapahoe as to the Fund's liability because (1) Arapahoe requested findings of fact and conclusions of law seeking a determination that the Fund was liable for a portion of the disability suffered by plaintiff, (2) the trial court did not adopt these requested findings and conclusions, and (3) Arapahoe had the burden of proof on this issue. *See H.T. Coker Constr. Co. v. Whitfield Transp., Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974) (where party has burden of proof on issue and requests findings on that issue which are refused, legal effect of refusal is finding against the party). Additionally, the Fund argues that plaintiff's claim is not subject to appellate review because plaintiff did not request the necessary prerequisite findings to establish the Fund's liability.

It is clear the trial court did not decide the case on the basis of lack of merit of

plaintiff's substantive claim; it did not reach that issue. Instead, the findings and conclusions adopted by the trial court establish that its order of dismissal was based solely on the fact that no timely notice was given to Arapahoe and that the employer did not have actual notice of the occurrence giving rise to plaintiff's claimed disability. Under these circumstances, we do not construe the trial court's failure to adopt the relevant findings as constituting findings against the worker or his employer on the underlying claim of disability. *See Clark v. LeBlanc*, 92 N.M. 672, 593 P.2d 1075 (1979) (where trial court did not reach the question relating to the requested findings of plaintiff, but decided case on other grounds, court's failure to adopt findings were not considered findings against plaintiff). Therefore, we properly reach the merits of the issue raised by plaintiff herein.

Plaintiff contends that because the notice requirement was not expressly incorporated in the SIA, he is not barred from seeking independent recovery for a portion of his claimed disability against the Fund. The SIA, however, specifically provides that determinations concerning a worker's rights under the statute shall be made in the same manner as cases arising under the Workers' Compensation Act, NMSA 1978, Section 52–1–1 to –69 (Orig.Pamp.). *See* § 52–2–13. This statutory provision has been interpreted to mean that the procedures involved in claiming benefits under the SIA are the same as those provisions applicable to claims for worker's compensation benefits. *See Duran v. Xerox Corp.*, 105 N.M. 277, 731 P.2d 973 (Ct.App.1986). However, not all provisions of the Workers' Compensation Act have been incorporated into the SIA. *Id.* Decisions concerning those provisions which are necessarily incorporated into the SIA, and those which are not, must be made in light of legislative intent and examination of the purposes of the SIA. *Id.* This court determined in *Duran* that all of the procedural provisions of the Workers' Compensation Act were incorporated into the SIA except those that hinder or do not further the goals and purposes of that act. *See also Hernandez*

*v. Levi Strauss, Inc.*, 107 N.M. 644, 763 P.2d 78 (Ct.App.1988).

A worker is eligible for compensation under the SIA where it is established that (1) the worker had a preexisting permanent impairment, (2) the worker sustained a subsequent disability *compensable under the Workers' Compensation Act,* and (3) the subsequent disability is permanent and is materially and substantially greater than that which would have resulted from the subsequent injury alone. *Vaughn v. United Nuclear Corp.*, 98 N.M. 481, 650 P.2d 3 (Ct.App.1982); *Ballard v. Southwest Potash Corp.*, 80 N.M. 10, 450 P.2d 448 (Ct.App.1969).

The purpose of the notice provision in the Workers' Compensation Act is to allow an employer to investigate an accident while the facts are accessible and, if necessary, to employ doctors to speed recovery. *Beckwith v. Cactus Drilling Corp.*, 84 N.M. 565, 505 P.2d 1241 (Ct.App.1972); *see also Herndon v. Albuquerque Pub. Schools*, 92 N.M. 635, 593 P.2d 470 (Ct.App. 1978) (statute designed to protect employer so that he may inquire into the facts and circumstances and to prevent the filing of fictitious claims where passage of time would make a determination of the true facts difficult). The notice provision contained in Section 52–1–29 is a mandatory prerequisite to recovery under the Workers' Compensation Act. *Herndon v. Albuquerque Pub. Schools*. Plaintiff's contention, if upheld, would change the focus of the SIA and leave the Fund without access, through discovery, to the results of any investigation the employer might have performed had proper notice been given. Moreover, litigation against the Fund would be encouraged despite the fact that the same litigation against plaintiff's employer is barred. We find such result inconsistent with the purposes of the SIA. Although the SIA is to be construed liberally, statutory construction must give effect to the stated purposes of the act and announced legislative intent. *Padilla v. Chavez*, 105 N.M. 349, 732 P.2d 876 (Ct.App. 1987).

In enacting the SIA, the legislature sought to encourage the hiring of handicapped workers by limiting an employer's liability for second injuries covered by the Workers' Compensation Act. *Hernandez v. Levi Strauss, Inc.; Gutierrez v. City of Gallup,* 102 N.M. 647, 699 P.2d 120 (Ct. App.1984). The SIA protects employers from full liability for a disability when the covered injury causes a materially and greater disability to a previously handicapped worker than would have resulted from the subsequent injury. *Id.; Romero v. Cotton Butane Co.,* 105 N.M. 73, 728 P.2d 483 (Ct.App.1986). Because the clear purpose of the SIA is to encourage the employment of handicapped workers and to avoid placing the full liability on an employer for any subsequent disability sustained by an employee, we conclude that the legislature intended the provisions of the SIA would apply only in those instances where an employer is also subject to liability under the Workers' Compensation Act. In order for the Fund to be liable under the SIA, the second injury must be compensable. *Vaughn v. United Nuclear Corp.; Ballard v. Southwest Potash Corp.*

Plaintiff argues that the holding in *Duran* compels a favorable ruling on his claim. The decision in *Duran,* however, is inapposite to the instant case. In *Duran* the Fund sought to interpose the statute of limitations as a procedural bar to the worker's claim under the SIA, even though the worker had satisfied all other prerequisites for recovery from his employer. Here, however, since plaintiff's failure to give the requisite notice relieved the employer of liability, the Fund is similarly not subject to liability for claims arising out of the same occurrence.

In sum, we hold that when a worker is barred for lack of notice from bringing an action against the worker's employer, an action against the Fund is also barred. The trial court's judgment is affirmed.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.