# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SANDRA MARQUEZ,**

    Petitioner-Appellant,

v.                                   **NO. 28,524**

**LUCIANO MARQUEZ,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles C. Currier, District Judge**

New Mexico Legal Aid
Brett A. Schneider
Roswell, NM

for Appellant

Luciano Marquez, Pro Se
Address Unknown

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Petitioner appeals from the district court's order denying her claim for child support on the grounds that she improperly served Respondent by publication, which, the court ruled, precluded it from exercising in personam jurisdiction to order child support. We issued a notice of proposed summary disposition, proposing to affirm. Petitioner filed a response to our notice. We reconsidered our first proposed analysis

and issued a second notice of proposed summary disposition, proposing to reverse, on the grounds that the rule providing for service by publication has been amended to permit the service by publication under the circumstances presented. Pursuant to Rule 12-307(c) NMRA, we left the second notice in our court clerk's office for nearly a year. We have not received a response from Respondent. Petitioner has filed a response to our notice, requesting that we assign this case to the general calendar. We reverse the district court.

Rule 1-004(J) NMRA provides that service by publication may take place upon the prior approval of the district court, where the plaintiff shows that service cannot reasonably be made by other means provided for in the rule and where service by publication "is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." The district court in the current case approved service by publication. [RP 13] The court found that Petitioner "made diligent efforts to make personal service, but has not been able to complete service of process . . . ," and that Petitioner's method of publication "is most likely to give [Respondent] notice of the pendency of the action." [Id.] We believe that compliance with the rule of service is all that is required for the district court to assume jurisdiction over the

claims raised against Respondent. *See Clark v. LeBlanc*, 92 N.M. 672, 674, 593 P.2d 1075, 1077 (1979).

Indeed, the district court exercised jurisdiction over Respondent to grant Petitioner a divorce based on the same method of service as her claim to child support. [RP 34-36] Petitioner's notice of the pendency of action that was approved by the district court and enforced for the dissolution of marriage also contained her claim that Respondent should pay child support in accordance with the Child Support Guidelines. [RP 16] There is no reasoned basis to believe that giving Respondent notice by publication is sufficient for purpose of dissolving the marriage, but insufficient for other claims in the same complaint. In addition, it is unclear what else Petitioner must do than use due diligence in locating Respondent to serve him with notice of the action.

Because the district court found, and it appears to us, that Petitioner complied with the rule for service by publication, we hold that the district court has jurisdiction over all the claims contained in Petitioner's complaint. As we explained in our notice, in the event Respondent wishes to oppose the decision of the district court, he may move pursuant to Rule 1-060 NMRA to seek relief from the judgment.

3

**CONCLUSION**

For the reasons set forth above, we reverse the district court's order ruling that it lacked jurisdiction over Respondent to decide Petitioner's claim for child support.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

**MICHAEL D. BUSTAMANTE, Judge**

**LINDA M. VANZI, Judge**