This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FAIRY PURIFOY,**

Plaintiff-Appellee,

**v.**                                                                                      **No.  32,319**

**LEE STONE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**David P. Reeb, Jr., District Judge**

John R. Hakanson
Alamogordo, NM

for Appellee

Lee Stone
San Jon, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

In this Court's second notice of proposed summary disposition, we proposed to reverse the district court's decision and remand to the district court to vacate the

protective order only insofar as it pertains to Defendant. *See Classen v. Classen*, 119 N.M. 582, 584-85, 893 P.2d 478, 480-81 (Ct. App. 1995) (explaining that a court has no discretion in ruling on a motion under Rule 1-060(B)(4) NMRA because if a judgment is void, it must be set aside). The proposed disposition was based on the fact that: (1) actual service on Defendant of the motion and subsequent pleadings was required, (2) Defendant's current address was easily ascertainable to Plaintiff's counsel from the record, (3) Plaintiff's counsel did not serve Defendant with any pleadings or notices relating to the protective order, and (4) this was not a situation where Defendant was difficult to locate. *See McLam v. McLam*, 81 N.M. 37, 39, 462 P.2d 622, 624 (1969) ("As a general rule, constructive service is insufficient where the object of the action is to determine the personal rights and obligations of the defendant." (internal quotation marks and citation omitted)); *see also Clark v. LeBlanc*, 92 N.M. 672, 673, 593 P.2d 1075, 1076 (1979) ("It is clear that due process prohibits the use of constructive service where it is feasible to give notice to the defendant in some manner more likely to bring the action to his attention."). Defendant filed a memorandum in opposition to the proposed disposition that was in his favor. Plaintiff did not file a memorandum in opposition, and the time for doing so has expired. *See* Rule 12-210(D)(3) NMRA.

Defendant's memorandum in opposition raises numerous contentions that are not essential to our proposed disposition and relate to issues outside the scope of the limited issue on appeal. Therefore, we reverse the district court's decision, and remand for the district court to vacate the protective order only insofar as it pertains to Defendant.

**IT IS SO ORDERED.**

_____
                                        **JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**M. MONICA ZAMORA, Judge**