450 P.2d 448

Harley F. BALLARD, Jr., Plaintiff-Appellee,

v.

SOUTHWEST POTASH CORPORATION, Employer and Self Insurer, Defendant-Appellant, and New Mexico Superintendent of Insurance, Defendant-Appellee.

No. 171.

Court of Appeals of New Mexico.

Jan. 24, 1969.

E. C. Paine, McCormick, Lusk, Paine & Feezer, Carlsbad, for appellant.

Dick A. Blenden, M. Rosenberg, Rosenberg & Blenden, Carlsbad, for plaintiff-appellee.

Frank P. Dickson, Jr., Standley, Kegel and Campos, Santa Fe, for defendant-appellee.

## OPINION

WOOD, Judge.

This workmen's compensation case concerns our "Subsequent Injury Act". Sections 59–10–126 to 59–10–138, N.M.S.A. 1953 (repl. vol. 9, pt. 1, Supp.1967). The dispositive issue is whether liability for the compensable injury should have been apportioned between the employer and the subsequent injury fund.

In 1959, prior to his employment with defendant employer (Southwest Potash Corporation) and pursuant to § 59–10–37, N.M.S.A.1953 (repl. vol. 9, pt. 1), plaintiff and employer executed a certificate of pre-existing disability. The certificate states that plaintiff had a 15% permanent partial disability of his body as a whole as the result of a congenital anomaly. The anomaly was a spondylolisthesis—a congenital cleft in the isthmus of the 5th lumbar vertebra, bilaterally, with narrowing of the interspace between the 5th lumbar vertebra and the sacrum and a slight forward slipping of the 5th lumbar vertebra on the sacrum of approximately ⅛th of an inch.

In 1965, plaintiff suffered injury by accident arising out of and in the course of his employment. The injury was to a disc in his low back. As a result of this injury the entire lamina of the 5th lumbar vertebra on the right side was surgically removed.

Plaintiff was paid temporary total compensation by the employer until he returned to his work. In seeking partial permanent compensation, plaintiff alleged that the pre-existing disability was asymptomatic and that he performed all the duties of his employment until he was injured in 1965. The unchallenged finding of the trial court is that the pre-existing condition:

"* * * was, in truth and in fact, not disabling so as to interfere with his ability to work in any particular. It merely made him more susceptible to the possibility of injury."

The award was based solely on the 1965 injury; it did not include any liability for any portion of the pre-existing disability referred to in the certificate. Accordingly, no issue is presented concerning limiting plaintiff's recovery under § 59–10–37, supra.

The trial court determined that plaintiff now has a 20% partial permanent disability. No attack is made on either the amount or permanency of this disability. However, the employer contends that this 20% award should be apportioned between it and the subsequent injury fund.

If the Subsequent Injury Act is applicable, then liability for compensation is apportioned between the employer or its insurance carrier and the subsequent injury fund. Section 59–10–136, supra; see dissenting opinion in Webb v. Hamilton, 78 N.M. 647, 439 P.2d 507 (1968). As to applicability, § 59–10–134, supra, states in part:

"When an employee of an employer subject to the provisions of the Workmen's Compensation Act [59–10–1 to 59–10–37] who has a permanent physical impairment and who incurs a subsequent disability by accident arising out of and in the course of his employment, which results in a permanent disability, that is materially and substantially greater than that which would have resulted from the subsequent injury alone, then the employer or his insurance carrier shall pay awards of compensation for the combined condition of disability as provided in section 11 of this Subsequent Injury Act [59–10–136] and all medical and related expenses provided by the Workmen's Compensation Act [59–10–1 to 59–10–37]."

Assuming a certificate of pre-existing impairment and assuming that procedural requirements are met, applicability depends on four things.

(a) A pre-existing permanent physical impairment.

(b) A subsequent disability compensable under our Workmen's Compensation Act.

(c) The subsequent disability must be permanent and

(d) The subsequent disability must be "* * * materially and substantially greater than that which would have resulted from the subsequent injury alone * * *".

We assume, but do not decide, that the pre-existing congenital anomaly meets condition (a). There is no question that conditions (b) and (c) were met. As to condition (d), the trial court found that the 1965 injury "* * * did not cause a permanent and general bodily impairment and disability which is materially and substantially greater than that which would have resulted from the injury on July 12, 1965 alone had claimant had no pre-existing permanent physical impairment." The trial court also found that the 20% partial permanent disability resulted from the 1965 accident.

The employer contends that these findings are not based on substantial evidence. It also contends that a finding of the trial court is contrary to the above findings. Neither contention is correct.

Two doctors testified. Both were of the opinion that the 1965 injury did not aggravate the pre-existing congenital anomaly. Both were of the opinion that some disability resulted from the disc operation (removal of the lamina). One doctor was of the opinion that removal of the lamina aggravated the pre-existing anomaly "* * * in that it makes the whole back a little bit more unstable." If accepted by the trial court, this testimony would have sustained a determination that the compensation award should be apportioned.

However, the other doctor testified as follows:

"Q. No. What we are trying to get at is if the injury that he sustained in July of 1965 was materially and substantially greater, the disability resulting from that, by reason of his having the congenital defect?

A. No, I don't think so. Because, as I say * * * I don't think that this ma-terially aggravated or accentuated his disability due to the congenital defect."

If this testimony raised a conflict in the evidence, this testimony supports the findings of the trial court. Mares v. City of Clovis (Ct.App.), 79 N.M. 759, 449 P.2d 667, decided December 27, 1968. The employer asserts that this testimony does not raise a conflict because the doctor so testifying arrived at his disability evaluation as a neurological surgeon and did not evaluate "* * * the pre-existing disability which was certified as 15% as he considered that to be in the field of orthopedics and should be evaluated by an orthopedist."

This argument overlooks additional testimony by the doctor. A question was asked on the basis that the congenital anomaly was asymptomatic prior to the injury and after the injury plaintiff continued to have trouble in the area of the congenital anomaly and the herniated disc. The question was "* * * would this be indicative to you of some aggravation to this congenital anomaly?" The answer was "No."

The employer's contentions concerning the doctor's testimony and his claim of an inconsistent finding are based on an assumption that is contrary to an unchallenged finding. That assumption is that there was a pre-existing disability.

The alleged inconsistent finding reads:

"The alleged injury suffered by claimant on July 12, 1965 and the surgical removal of the lamina of the 5th lumbar vertebra on the right side, increased claimant's permanent partial disability in excess of the 15% which claimant is said to have had at the time of his execution of the Certificate of Pre-Existing Disability on December 3, 1959."

All that is stated in this finding is that plaintiff's present disability is greater than the 15% that he "* * * is said to have had * * *". This is not a finding that plaintiff did in fact have a pre-existing "disability".

 The unchallenged finding of the trial court is: "* * * The 15% par-

tial permanent disability, set forth in the Certificate of Pre-Existing Disability was, in truth and in fact, not disabling so as to interfere with his ability to work in any particular. * * * "

These findings are not inconsistent; when read together, they are to the effect that plaintiff did not have a pre-existing disability under our Workmen's Compensation Act. The doctor's answers to questions did raise a conflict in the evidence concerning the application of the Subsequent Injury Act. He was of the opinion that the congenital anomaly had not been aggravated. The trial court's findings which ruled out the application of the Subsequent Injury Act are based on conflicting evidence; accordingly, they are not erroneous. Mares v. City of Clovis, supra.

Two additional issues are presented in this appeal. They are: (1) whether the Subsequent Injury Act applies to a preexisting physical impairment which results from a congenital anomaly. (Compare the reference to a physical handicap resulting from injury in § 59–10–127(A), N.M.S.A. 1953 (repl. vol. 9, pt. 1, Supp.1967) with the definition of permanent physical impairment in § 59–10–128, N.M.S.A.1953 (repl. vol. 9, pt. 1, Supp.1967)) and (2) whether medical and related costs and attorney fees should be apportioned between the employer and the subsequent injury fund.

We do not decide either of these issues. Even if the Subsequent Injury Act applies to congenital anomalies, the Act is not applicable in this case. Thus, it is unnecessary to decide whether the reference to "injury" in § 59–10–127(A), supra, excludes congenital anomalies from the Act. Since the Act is not applicable there is no basis for apportioning medical and related costs and attorney fees. Thus, it is unnecessary to decide whether there may be an apportionment of such items under the Act.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.