## STANLEY L. RYBUS v. KRUETZER MOTOR EXPRESS AND ANOTHER. STATE TREASURER, CUSTODIAN OF SPECIAL COMPENSATION FUND.

215 N. W. 2d 611.

March 1, 1974—No. 44330.

*Robb, Van Eps & Gilmore* and *George R. Benton,* for relators.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Kenneth McCoy,* Special Assistant Attorney General, for respondent State Treasurer.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Scott, JJ., and considered and decided by the court.

PER CURIAM.

Despite their admitted neglect to file a timely notice of intention to claim reimbursement from the special compensation fund, relators claim reimbursement from the fund pursuant to Minn. St. 1971, § 176.131, and WC Rule 28(9), Workmen's Compensation Commission Rules of Practice. On appeal, the commission upheld the compensation judge's denial of reimbursement in accordance with the standards set out by this court in Beson v. Carleton College, 271 Minn. 268, 136 N. W. 2d 82 (1965). We affirm.

Employee, Stanley L. Rybus, sustained an injury to his back in 1965 during the course of his employment by relator Kruetzer

Motor Express. Following that injury and prior to September 1966, a formal registration of the employee's physical impairment was filed with the Workmen's Compensation Commission. On September 2, 1966, again in the course of his employment for Kruetzer, Rybus sustained further injury to his back. The employer and its insurer, State Auto and Casualty Underwriters, made first payment of benefits to the employee for his second injury on November 10, 1966. However, the employer and insurer did not file notice of intention to claim reimbursement from the special compensation fund until November 19, 1969, having then paid benefits for temporary total disability in the amount of $7,051.30 and medical expenses of $9,904.66.

Relators' claim for reimbursement from the special compensation fund came on for hearing before a compensation judge, who awarded reimbursement on the ground that the special compensation fund was not materially prejudiced by the untimely filing of intention to claim reimbursement. On appeal by the custodian of the special compensation fund, the Workmen's Compensation Commission remanded the matter for further testimony relative to the filing of the notice of intention to claim reimbursement. In remanding, the commission directed the compensation judge to consider the criteria set forth by this court in Beson v. Carleton College, *supra.*

Thereafter, the matter was again heard by the compensation judge. The judge, relying on the criteria established in the Beson case, found that the employer and insurer were not entitled to reimbursement from the special compensation fund because of the untimely filing of the notice of intention to claim reimbursement. Relators appealed to the commission, which affirmed the decision of the compensation judge.

Minn. St. 1971, § 176.131, subd. 6, states:

"When the employer claims reimbursement from the special compensation fund after paying compensation as prescribed by this section, he shall file with the commission written notice of

intention to claim reimbursement in accordance with the rules and regulations of the commission."[1]

WC Rule 28(9) Workmen's Compensation Commission Rules of Practice, provides in pertinent part:

"Notice of Intention to Claim Reimbursement under Subd. 6 of this chapter shall be * * * filed within one year from employer's first payment of compensation or medical expense. *The Commission may upon proper showing, extend such filing period.*" (Italics supplied.)

In denying reimbursement, the compensation judge and the commission adopted the standards set out in Beson v. Carleton College, *supra,* as determinative of the existence of a "proper showing" warranting, under WC Rule 28(9), extension of the 1-year period in which notice of intention to claim reimbursement must be filed. According to the Beson case, an untimely filing of intention to claim reimbursement will not bar reimbursement if—

"* * * (a) delay in filing the notice within the time specified was not due to fault on the part of the employer-insurer; (b) the employer-insurer gave notice to the special compensation fund with reasonable promptness after it knew, or should have known, that a claim was to be filed against it; and (c) no material prejudice to the special compensation fund will result from the time extension." 271 Minn. 275, 136 N. W. 2d 88.

Relators admittedly knew of the injury in question from its inception and paid compensation to the employee as required by the workmen's compensation statute. Further, relators admit that they simply "overlooked" filing the notice of intention to claim reimbursement within the 1-year period. Under such circumstances, relators have failed to establish "good cause" for extending the time for filing such notice.

---

[1] Amended by L. 1973, c. 388, § 29, to provide that the notice of intent to claim reimbursement be filed with the commissioner of the Department of Labor and Industry.

Under Minn. St. 1971, § 176.131, the Workmen's Compensation Commission was given the authority to promulgate rules and regulations regarding the filing of notice of intention to claim reimbursement.[2] As stated previously, WC Rule 28(9) requires such a notice to be filed within 1 year unless "proper showing" is made to justify an extension. In the present determination, the commission adopted the Beson standards to define more specifically the essentials of a "proper showing" warranting an extension of the filing period. In the interest of promoting clarity and a general understanding of the commission's actions, it is suggested that the Beson standards be expressly incorporated into WC Rule 28.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2] The commissioner of the Department of Labor and Industry is given the authority to promulgate such rules by L. 1973, c. 388, § 30.