763 P.2d 78

Pilar HERNANDEZ, Plaintiff,

v.

LEVI STRAUSS, INC.,
Defendant/Third–Party
Plaintiff–Appellee,

v.

Fabian CHAVEZ, State Superintendent of Insurance and the New Mexico Subsequent Injury Fund, Third–Party Defendants–Appellants.

No. 10311.

Court of Appeals of New Mexico.

Aug. 25, 1988.

Stephan M. Vidmar, Virginia A. Anderman, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendant/third-party plaintiff-appellee.

MacDonnell Gordon, Joe W. Wood, Hinkle, Cox, Eaton, Coffield & Hensley, Santa Fe, for third-party defendants-appellants.

## OPINION

DONNELLY, Chief Judge.

This interlocutory appeal presents the issue of when an employer is time-barred from asserting its claim for reimbursement against the Subsequent Injury Fund (Fund). The Fund appeals from the denial of its motion for summary judgment against the employer, Levi Strauss, Inc., based on the statute of limitations. We affirm.

In April 1982, the plaintiff, Pilar Hernandez, suffered an accidental injury while on the job. Thereafter, on October 17, 1983, plaintiff sustained a subsequent job-related accidental injury. Plaintiff filed a workmen's compensation action against the employer in December 1983. The claim was settled on April 11, 1984.

On March 2, 1987, the employer filed a third-party complaint against the Fund seeking an apportionment and reimbursement of compensation paid to plaintiff. Employer filed a second complaint against the Fund in September 1987. The Fund filed a motion for summary judgment, alleging in part, that employer's claim was barred by the statute of limitations. Following denial of the motion, the Fund filed this interlocutory appeal, contending that the trial court erred in denying its motion for summary judgment and in determining that employer's claim was not barred by the statute of limitations. In resolving this issue, we determine what limitations period is applicable and when the period began to accrue.

In 1988, the legislature enacted a two-year statute of limitations on claims against the Fund, commencing at the time the employer receives notice of a compensation claim or has actual knowledge of the claim. See 1988 N.M.Laws, ch. 109, § 7.

Because plaintiff was injured and the employer filed its claim against the Fund prior to the adoption of this legislation, we apply the previous law. See N.M. Const. art. IV, § 23.

The Fund argues that the one-year period of limitations in the Workers' Compensation Act, NMSA 1978, Section 52–1–31(A) (Repl.Pamp.1987), or the three-year period of limitations for personal injuries contained in NMSA 1978, Section 37–1–8 should govern. Employer argues that no limitations period applies, or alternatively, that the four-year period of limitations for unwritten contracts or unspecified actions contained in NMSA 1978, Section 37–1–4 is applicable.

We disagree that the one-year period of limitations of Section 52–1–31(A) applies by operation of NMSA 1978, Sections 52–2–12 or –13 (Repl.Pamp.1987). In *Duran v. Xerox Corp.*, 105 N.M. 277, 731 P.2d 973 (Ct.App.1986), this court rejected a similar contention by the Fund that Section 52–2–13 of the Subsequent Injury Act adopted the one-year statute of limitations of the Workmens' Compensation Act for actions a worker, employer, or insurance carrier brought against the Fund. Section 52–2–13 provides that "[t]he determination of the rights of an employee * * * under the provisions of the Subsequent Injury Act shall be made in the same manner as in cases arising under the Workmen's Compensation Act." The court stated in *Duran:*

> We understand this section to mean at least that procedures involved in claiming benefits under the [Subsequent Injury Act] shall be followed as they are in workmen's compensation claims; however, this does not mean that every provision that applies to a claim against an employer for workmen's compensation is also applicable to subsequent injury claims.

*Id.* at 279–280, 731 P.2d at 975–976. *Duran* rejected the Fund's argument that Section 52–2–13, dealing with the rights of the worker, was intended to impose a condition

precedent on the rights of an employer against the Fund.

■ Similarly, we determine that Section 52–2–12 does not impose the one-year statute of limitations contained in Section 52–1–31(A) on an employer's claim against the Fund. Section 52–2–12 states that "[t]he *payments* prescribed by the Subsequent Injury Act shall be subject to the same limitations in time and in amount as those under the Workmen's compensation Act * * *." (Emphasis added.) The latter section relates to the amount and duration of payments. *See, e.g., Fierro v. Stanley's Hardware,* 104 N.M. 411, 722 P.2d 662 (Ct.App.1986) ("limitations" refers to the limitations regarding average weekly wage and maximum period of recovery rather than scheduled injury provisions). We reaffirm the reasoning in *Duran.*

*Duran* also stated that "there is no specific period of limitations on an employer's rights against the Fund under the [Subsequent Injury Act]." *Id.* at 280, 731 P.2d at 976. This language indicated that the Subsequent Injury Act did not expressly specify a period of limitations for an employer to file a claim against the Fund under the Subsequent Injury Act. *See* NMSA 1978, §§ 37–1–1 to –28. The only period of limitations at issue in *Duran* was the one-year period specified in the Workmen's Compensation Act. *Duran* did not, however, exclude application of a period of limitations other than that contained in the Workmen's Compensation Act.

■ Employer argues that no statute of limitations should apply, urging that the court adopt a rule similar to that involving a worker's claim for medical benefits. *See Nasci v. Frank Paxton Lumber Co.,* 69 N.M. 412, 367 P.2d 913 (1961); *see also Pena v. New Mexico Highway Dep't,* 100 N.M. 408, 671 P.2d 656 (Ct.App.1983). We disagree. Employer's claim of reimbursement against the Fund is more closely analogous to the payment of compensation benefits rather than the payment of medical benefits. *See Nasci v. Frank Paxton Lumber Co.* (right to claim installment payments barred by statute, though claim for

medical benefits is not); *see also Pena v. New Mexico Highway Dep't.*

Employer also argues that even in the absence of a statute of limitations, the doctrines of laches or estoppel would protect the Fund from stale claims. This argument, relying on equitable doctrines, disregards the provisions of Section 37–1–1. This section provides: "[t]he following suits or actions may be brought within the time hereinafter limited, respectively, after their causes accrue, and not afterwards, except when otherwise specifically provided."

Because at the time of the filing of plaintiff's claim the Subsequent Injury Act did not specifically provide for a period of limitations on actions brought by an employer against the Fund for reimbursement, we look to the limitation periods contained in Sections 37–1–1 to –28. *Cf. Ortega v. Shube,* 93 N.M. 584, 603 P.2d 323 (Ct.App. 1979). The Fund contends the nature of employer's claim against it is most closely analogous to a cause of action for personal injuries and, therefore, Section 37–1–8 should apply. Employer argues that because its cause of action is based on an unwritten contract for indemnification, or alternatively, because its cause of action is unspecified, Section 37–1–4 should apply. We agree that Section 37–1–4 is applicable because the cause of action is one not "otherwise provided for and specified [by law]." § 37–1–4.

Although a worker's claim for compensation is based on a personal injury, and an employer's claim for apportionment and reimbursement is contingent on the worker's entitlement to compensation, the two claims differ significantly. The employer's right to apportionment and reimbursement requires conditions beyond those required to establish the employer's liability for payment of compensation to the worker. *Compare* NMSA 1978, § 52–1–28 (Repl. Pamp.1987) *with* NMSA 1978, § 52–2–9(A) (Repl.Pamp.1987). These conditions include a preexisting physical impairment and a subsequent compensable disability which is materially and substantially greater than that which would have resulted

from the subsequent injury alone. *See Ballard v. Southwest Potash Corp.,* 80 N.M. 10, 450 P.2d 448 (Ct.App.1969). Additionally, there must be proof that a certificate of preexisting impairment was filed or that the employer had actual knowledge of the preexisting impairment before the worker suffered the subsequent injury. *See Padilla v. Chavez,* 105 N.M. 349, 732 P.2d 876 (Ct.App.1987).

■ The Fund argues the worker's personal injury was the significant factor that triggered the underlying litigation. We disagree. The Fund's liability is not based on a tortious act or omission. *See* § 52–2–9; *cf. American Gen. Fire & Cas. Co. v. J.T. Constr. Co.,* 106 N.M. 195, 740 P.2d 1179 (Ct.App.1987) (court permitted suit against third-party tortfeasor by insurance carrier for contribution for compensation paid to injured employee where employee assigned his claim to insurance carrier). Nor is it based on a voluntary or contractual relationship of indemnification. Instead, it is based on a mandatory statutory scheme. *See* NMSA 1978, §§ 52–2–4 and –5 (Repl.Pamp.1987). The primary purpose of the Subsequent Injury Act is to encourage employers to hire workers with physical handicaps by adjusting the employer's liability under the Workmen's Compensation Act, rather than to compensate workers for personal injuries. NMSA 1978, § 52–2–2 (Repl.Pamp.1987); *see also Vaughn v. United Nuclear Corp.,* 98 N.M. 481, 650 P.2d 3 (Ct.App.1982), *limited by Padilla v. Chavez.*

■ Claims against the Fund are based on statutory rights. Prior to 1988, there was no specific period of limitations for actions against the Fund contained in the Subsequent Injury Act and an employer's claim for reimbursement from the Fund is not sufficiently analogous to either a claim for personal injuries or an unwritten contract so as to justify invocation of the statute of limitations on these theories. Therefore, we determine that the four-year limitations period in Section 37–1–4 for "all other actions not * * * otherwise provided for and specified" is the applicable statute to the present action.

■ We next address the issue of when the statute of limitations begins to run in an action brought by an employer against the Fund, and which action is not controlled by the limitation period specified in the 1988 amendment. 1988 N.M. Laws, ch. 109, § 7. We adopt a similar rule to that which applies to the filing of claims by an injured worker. *ABF Freight System v. Montano,* 99 N.M. 259, 657 P.2d 115 (1982) (statutory period for the filing of a complaint for worker's compensation begins to run when it either became or should have become reasonably apparent to worker that he had an injury entitling him to worker's compensation benefits and employer failed or refused to make payment) (*citing Noland v. Young Drilling Co.,* 79 N.M. 444, 444 P.2d 771 (Ct.App.1968)).

We conclude that where an employer seeks to file a suit against the Fund for reimbursement, and where the 1988 statute of limitations is not applicable, the period of limitations on such claim begins to run from the time the employer knew or should have known it had a claim against the Fund. This approach is consistent with NMSA 1978, Section 52–2–11(C) (Repl. Pamp.1987), which provides that "all payments of compensation benefits shall be initially paid to the employee or his dependents * * * by the employer or his insurance carrier and the sums paid for which the subsequent injury fund is liable shall be repaid to the employer or his insurance carrier making payments from the fund." In such case, the determinative event is the date an employer is notified of the subsequent injury or, when the injury is latent, the date the employer is notified of the disability arising out of the subsequent injury. *Cf. Smith v. Dowell Corp.,* 102 N.M. 102, 692 P.2d 27 (1984).

The determination of whether a claim is timely filed or whether good cause exists for any delay in filing is, however, a question of fact. *See Pena v. New Mexico Highway Dep't; see also Rybus v. Kruetzer Motor Express,* 298 Minn. 435, 437, 215 N.W.2d 611, 613 (1974) (court interpreted compensation commission's regulation providing for extension of time "upon proper

showing" to mean a showing that: (1) the delay was not the fault of the employer; (2) the employer gave notice with reasonable promptness after it knew or should have known a claim was to be filed; and (3) the delay did not cause material prejudice to the fund) (*citing Beson v. Carleton College*, 271 Minn. 268, 136 N.W.2d 82 (1965)).

In the present case, the employer's cause of action against the Fund did not accrue prior to the date of the subsequent injury in October 1983. Thus, under the facts herein, the statute of limitations could not have run before October 1987. Since the employer filed third-party complaints against the Fund in March and September 1987, its claims were timely filed.

The Fund also alleges that several procedural defects existed in the complaint filed against it in March 1987, and that these defects preclude recovery by employer. The record, however, does not reflect that these matters were raised in or considered by the trial court. Thus, they are not cognizable on appeal. *See* SCRA 1986, 12–216.

The order denying the Fund's motion for summary judgment is affirmed.

IT IS SO ORDERED.

FRUMAN and APODACA, JJ., concur.