775 P.2d 1304

**Roger L. DAVIS, Claimant–Appellant,**

v.

**LOS ALAMOS NATIONAL LABORATORY and Employers Insurance of Wausau, Respondents–Appellees/Cross–Appellants,**

v.

**NEW MEXICO SUBSEQUENT INJURY FUND and Fabian Chavez, Superintendent of Insurance, Third–Party Respondents/Cross–Appellees.**

Nos. 10398, 10443.

Court of Appeals of New Mexico.

March 30, 1989.

Certiorari Denied May 4, 1989.

James A. Burke, Santa Fe, for claimant-appellant.

William P. Slattery, Montgomery & Andrews, P.A., Santa Fe, for respondents-appellees/cross-appellants.

MacDonnell Gordon Hinkle, Cox, Eaton, Coffield & Hensley, Santa Fe, for third-party respondents/cross-appellees.

## OPINION

ALARID, Judge.

Davis (claimant) appeals the compensation order of the Workers' Compensation Division denying medical benefits for a hot tub installed in his home and awarding attorney fees. Los Alamos National Laboratory (LANL) and its insurance company (employer) cross-appeal that portion of the order finding they are not entitled to reimbursement from the Subsequent Injury Fund (the Fund). We reverse the award of attorney fees and affirm the compensation order of the division.

Claimant slipped and fell while at work on March 15, 1983. The resulting back pain was an aggravation of a preexisting condition. Employer paid total disability benefits and continues to do so. On January 12, 1987, claimant filed a workers' compensation complaint seeking reimbursement for medical expenses: captain's chairs installed in his truck and a hot tub installed in his home. Employer denied that these expenses were reasonable or

medically necessary. The recommendation of the informal hearing officer recommended that the employer pay one-half the cost of the captain's chairs and one-third the cost of the hot tub. Claimant rejected and employer accepted the recommended solution.

Employer sought to implead the Fund and on May 4, 1987, a complaint was filed seeking apportionment of disability benefits against the Fund. After a formal hearing, the hearing officer found that the captain's chairs were a reasonable and necessary medical expense and that the hot tub was unreasonable and medically unnecessary. The hearing officer also found that employer had not sought an expeditious determination of the Fund's liability. He concluded claimant was entitled to expenses for the chairs but not for the hot tub and employer was not entitled to apportionment from the Fund because of the equitable doctrines of laches and waiver.

THE APPEAL

Medical Benefits

■ Medical treatment for which payment is sought must be shown to be reasonably necessary. NMSA 1978, § 52-1-49; *Cardenas v. United Nuclear Homestake Partners,* 97 N.M. 46, 636 P.2d 317 (Ct.App.1981). Claimant has the burden of showing that the expenses were both reasonable and necessary. *See DiMatteo v. County of Dona Ana,* 104 N.M. 599, 725 P.2d 575 (Ct.App.1985). A bill for medical services is prima facie proof of reasonableness and necessity. *Baca v. Bueno Foods,* 108 N.M. 98, 766 P.2d 1332 (Ct.App.1988). However, we will not hold that in this case, where there was testimony that a less expensive alternative would be sufficient, the hearing officer's finding rejecting the more expensive equipment is unsupported.

Although claimant cites numerous out-of-state authorities for his contention that he is entitled to reimbursement for expenses for the hot tub, we have often found that out-of-state authority in the workers' compensation area is not persuasive because of the differences in the workers' compensa-

tion statutes. *See Security Ins. Co. of Hartford v. Chapman,* 88 N.M. 292, 540 P.2d 222 (1975). Moreover, those cases cited by claimant support the notion that medical costs must be shown to be reasonable and necessary. *See City and County of Denver v. Industrial Comm'n,* 682 P.2d 513 (Colo.App.1984); *City of Miami v. Harris,* 452 So.2d 115 (Fla.App.1984); *Haga v. Clay Hyder Trucking Lines,* 397 So.2d 428 (Fla.App.1981). The question is whether there is substantial evidence in the record as a whole to support the hearing officer's finding that the hot tub was medically unnecessary and unreasonable. *See Tallman v. ABF,* 108 N.M. 124, 767 P.2d 363 (Ct.App.1988); *Graham v. Presbyterian Hosp. Center,* 104 N.M. 490, 723 P.2d 259 (Ct.App.1986).

■ In this case, claimant's treating physician, Dr. Turner, testified that he wrote a prescription (Defendant's Exhibit 16) recommending purchase of a hot tub. He qualified his testimony by adding that an attachment for claimant's bath tub would be sufficient if claimant could immerse his body in the tub. In his deposition, Dr. Turner had stated that claimant had phoned and wanted a Jacuzzi. Dr. Turner further stated that it was medically indicated to make claimant feel better, primarily for psychological reasons.

Dr. Zeigler, a physician for LANL, testified by deposition that a hot tub was medically indicated for claimant because it would make him feel relaxed. However, he stated that claimant could have done just as well with a Jacuzzi attachment for his bathtub. Dr. Ziegler also testified in person that the hot tub was "medically indicated" but that less expensive, reasonable alternatives were available.

Claimant testified that the hot tub gave him a feeling of weightlessness that relieved some of his back pain over a short period of time. Claimant also testified that he asked Dr. Turner to prescribe a hot tub for him.

We will not substitute our judgment for that of the division hearing officer. After

reviewing the record as a whole, we determine whether there is evidence that reasonably supports the conclusion. *See Tallman v. ABF.* Based on the testimony set out above, it was reasonable for the hearing officer to have found that the hot tub was unnecessary and unreasonable. Therefore, the findings of the hearing officer regarding the hot tub are supported by substantial evidence in the record as a whole.

■ We do not consider employer's argument regarding the award for the installation of the captain's chairs in claimant's truck. Having requested no findings on this issue, employer may not now contest the sufficiency of the evidence supporting the award. *See Pedigo v. Valley Mobile Homes, Inc.,* 97 N.M. 795, 643 P.2d 1247 (Ct.App.1982).

■ Likewise, we do not consider employer's arguments regarding whether claimant was barred from relief because he did not request or give notice to insurer regarding the purchase of the hot tub and captain's chairs. This issue was not raised below; therefore, we will not consider it. *See* SCRA 1986, 12–216; *Woolwine v. Furr's, Inc.,* 106 N.M. 492, 745 P.2d 717 (Ct.App.1987).

Attorney Fees

Claimant argues that the award of attorney fees was too low. Attorney fees in this case are governed by NMSA 1978, Section 52–1–54 (Orig.Pamp.). Under this law, if an amount is offered in writing thirty days or more prior to trial and claimant rejects the offer and subsequently recovers a larger amount at trial, then attorney fees for claimant's attorney are to be fixed in an amount deemed to be reasonable and proper. § 52–1–54(D). If, however, the amount recovered by claimant is less than what was previously offered and rejected, claimant is not entitled to attorney fees. *Hales v. Van Cleave,* 78 N.M. 181, 429 P.2d 379 (Ct.App.1967).

Claimant argues that the hearing officer based the award of attorney fees solely on Workers' Compensation Division Rules and Regulations which state in part that if the hearing officer finds that claimant rejected the recommended resolution without reasonable basis or without expectation of doing better at the formal hearing, the hearing officer may reduce claimant's attorney fees. Workers' Compensation Division, Rules and Regulations, Payments and Benefits, V. Penalties, page 28. We need not reach this argument because of our determination that the recommended resolution was an offer in writing thirty or more days prior to trial.

■ Prior to the determination on the award of attorney fees, a hearing was held and both sides presented testimony. Thereafter, the hearing officer found that the recommended resolution as accepted by the employer was an offer of settlement. The statute does not say what form the offer must take. Nor does it say who must initiate the offer. In this case, it was recommended that the employer pay for one-half of the captain's chairs and one-third of the hot tub. The recommendation was in writing. Employer accepted the recommendation.

Characterizing a recommended resolution accepted by an employer as an offer of settlement is consistent with the intent of the statute. The purpose is to assure quick and efficient provision of benefits to an injured or disabled worker without having to resort to the courts for a determination of the worker's rights. *See Sanchez v. N.M. Sundt Constr. Co.,* 103 N.M. 294, 706 P.2d 158 (Ct.App.1985). That is also the purpose of the informal hearing and the recommended resolution. *See* NMSA 1978, §§ 52–5–1 and 52–5–5 (Repl.Pamp.1987).

■ In this case, the offer made was for more than claimant ultimately received. Claimant argues that he was required to prove disability and, therefore, he received not only the expenses for the chairs but also total disability benefits. However, this is inaccurate, as employer had always been paying total disability benefits and

the issue of the disability was litigated only as between employer and the Fund. What claimant ultimately received was $500 for the expenses of the captain's chairs.

Because this amount was less than that offered through the recommended resolution, claimant was not entitled to attorney fees. *Hales v. Van Cleave;* cf. § 52–1–54(D). The award of attorney fees was, therefore, improper.

## THE CROSS APPEAL

The hearing officer determined that the Fund was not liable for reimbursement to employer for any of the psychological disability because none of it was attributable to the preexisting disability. Further, the hearing officer found that the Fund was not liable for a percentage of the remaining disability because the doctrines of laches and waiver barred the action of employer against the Fund. We requested that the parties brief the issue of the statute of limitations. Even though the decision of the hearing officer was not based on the running of the statute of limitations, we will affirm the decision if right for any reason. *See State ex rel. State Highway Dep't v. Strosnider,* 106 N.M. 608, 747 P.2d 254 (Ct.App.1987); *H.T. Coker Constr. Co. v. Whitfield Transp., Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

Since the filing of this appeal, we have determined that in those cases governed by the Act prior to the 1988 adoption of a two-year period of limitations, there is a four-year statute of limitations on actions of the employer against the Fund. *Hernandez v. Levi–Strauss, Inc.,* 107 N.M. 644, 763 P.2d 78 (Ct.App.1988). *Hernandez* also held that the statute begins to run when the employer is notified of the subsequent injury. In this case, employer was notified of the subsequent injury on the date of the accident, March 15, 1983. Employer concedes that even though it had not filed a certificate of preexisting injury, it had actual knowledge of a preexisting disability. Having actual knowledge of the preexisting disability and notice of the subsequent injury, the employer had four years in which to file its claim against the Fund. The employer's complaint against the Fund was not filed until May 5, 1987, more than four years after it had notice of the subsequent injury. Therefore, employer's claim against the Fund is barred by the statute of limitations. *Hernandez v. Levi–Strauss, Inc.*

Because of our disposition of the employer's claim against the Fund based on the statute of limitations, we need not address the other issues raised by employer.

## CONCLUSION

The dispositional order of the Workers' Compensation Division is affirmed. The award of attorney fees is reversed and remanded for entry of an order consistent with this opinion.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.