786 P.2d 53

**KENNECOTT COPPER CORPORATION, Claimant–Appellant,**

v.

**Fabian CHAVEZ, Superintendent of Insurance, and the New Mexico Subsequent Injury Fund, Respondents–Appellees.**

**No. 11311.**

Court of Appeals of New Mexico.

Jan. 4, 1990.

Charles E. Stuckey, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for claimant-appellant.

MacDonnell Gordon, Sp. Asst. Atty. Gen., Hinkle, Cox, Eaton, Coffield & Hensley, Santa Fe, for respondents-appellees.

## OPINION

APODACA, Judge.

Kennecott Copper Corporation (employer) appeals the workers' compensation judge's (judge) order granting summary judgment to the Subsequent Injury Fund (the fund). Summary judgment was based on the judge's conclusion that the statute of limitations for a claim against the fund had run and the claim was therefore untimely. Employer raises two issues: (1) were there issues of material fact on the question of whether employer knew or should have known that it had a claim against the fund in 1983? and (2) should *Hernandez v. Levi Strauss, Inc.*, 107 N.M. 644, 763 P.2d 78 (Ct.App.1988), which declared application of the four-year statute of limitations, have retrospective effect and

apply to this appeal? We agree with the judge's determination and affirm.

Jimmy Sedillos (employee), a long-time employee of employer, suffered numerous work-related injuries to his left knee. The first of these occurred in 1971. After an operation and physical therapy, he had 10% impairment to the knee. Employee returned to work. However, further surgery was required by subsequent deterioration of the cartilage in the left knee. Employer paid medical and disability benefits, and employee returned to work after recovery from each operation. In May 1983, employee again injured his left knee in the course of his employment. After treatment, it was determined in August 1983 that he could not continue to work. At that time, employer began paying temporary total disability benefits to employee.

In March of 1988, employer filed a claim against the fund for reimbursement of a portion of the benefits paid to employee. The fund moved for summary judgment, contending employer knew or should have known that it had a claim against the fund in May of 1983 and that the four-year statute of limitations had expired. In support of its motion, the fund attached a copy of employer's medical report of employee's May 2, 1983 injury, and supervisor's accident report dated May 5, 1983. In opposition to the motion for summary judgment, employer relied on the affidavit of Lillian Medina, who handled workers' compensation benefits for employer since November 1985. Employer also relied on the affidavit of an independent insurance adjuster and the deposition testimony, notes and correspondence of an orthopedic surgeon. The judge held that employer knew or should have known it had a colorable claim against the fund when it began paying total disability benefits in August of 1983. He concluded the claim was filed more than four years later and was consequently not timely.

Summary judgment is proper only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986). If there are

undisputed facts under which there is no room for a reasonable difference of opinion, then the timeliness of a claim may be determined as a matter of law. *Pena v. New Mexico Highway Dep't,* 100 N.M. 408, 671 P.2d 656 (Ct.App.1983). Employer contends there are circumstances surrounding the 1983 accident that precluded the judge from determining as a matter of law that it knew or should have known it had a claim against the fund. We disagree.

The following facts are undisputed: (1) over the years, employee suffered knee injuries, resulting in permanent impairment to the left knee; (2) employer had actual knowledge of that impairment; (3) employee suffered further injury to the left knee in May of 1983; (4) employer had notice of that accident and the nature of the injury; (5) employer began paying total disability benefits to employee on August 17, 1983; and (6) employer filed its claim against the fund on March 7, 1988. Employer contends these facts are insufficient to show that it had knowledge of a relationship between the May 1983 accident and employee's subsequent disability. We disagree and conclude that, based on these facts, the judge could determine as a matter of law that employer's claim against the fund was not timely.

Employer maintains it did not have the knowledge required until July of 1987. Employer argues disputed factual issues existed on the cause of employee's disability and points to the orthopedic surgeon's deposition testimony that he believed an earlier letter from him written to employer stating that employee had a 40% physical impairment of the knee resulting in part from the May 1983 accident was incorrect. The surgeon testified in his January 16, 1989 deposition that it was his present opinion that employee's existing impairment was due to injuries and surgeries that he had undergone before 1983.

The record clearly reflects, however, that employer knew of the previous impairment to employee's left knee. Employer also knew that the May 1983 accident resulted in an injury to the left knee. Additionally, letters from employee's treating physician to employer in 1983 and 1984 connected the May 1983 accident with previous injuries to the knee. In fact, one letter written in August of 1983 stated that employee's inability to work resulted from a combination of all injuries to his left knee. The physician also advised employer by letter dated March 19, 1984, that he did "not believe that [employee was] going to be able to work more than a half day at a time, and therefore, [he] would consider him for disability retirement."

We disagree with employer's assertion that conflicting inferences may be drawn from the August 1983 letter. That letter stated that "[t]he inability of [employee] to work more than a half day stems from all the previous injuries and operations to his knee." Additionally, the same physician had written employer on May 25, 1983, stating, with reference to the May 1983 accident, that employee "complained of pain on the lateral aspect" (referring to the left knee). When these letters are read together, we believe that only one inference could be reasonably drawn: that the May 1983 accidental injury was related to employee's disability.

■ It is thus evident that employer knew of the preexisting impairment to employee's left knee and of the injury to the same knee in May of 1983. Surely, based on knowledge of these two facts, employer should have known it had a potential claim against the fund. Since employer had actual knowledge of the preexisting disability and notice of the later injury, we conclude it had four years from the date of the later injury within which to file its claim. *See Hernandez v. Levi Strauss, Inc.; Davis v. Los Alamos Nat'l Laboratory,* 108 N.M. 587, 775 P.2d 1304 (Ct.App.1989).

Employer argues that a doctor's deposition, stating that employee's disability did not arise from the May 1983 accident, raised issues of material fact. If a trier of fact were to accept as true the doctor's deposition statement that employee's disability did not arise from the May 1983 accident, then we believe it would follow that employer would then not be able to assert a claim against the fund, since there

would be no subsequent injury triggering the claim. *See Ballard v. Southwest Potash Corp.*, 80 N.M. 10, 450 P.2d 448 (Ct. App.1969) (requiring a subsequent injury compensable under Workers' Compensation Act for compensation from the fund). Thus, although the doctor's deposition may have created a conflict in the facts, we view them as not material to the issue of timeliness. We fail to understand how the doctor's opinion, rendered during a deposition several years in the future, would have any bearing on what employer knew or should have known in 1983. For the same reason, other affidavits relied on by employer do not raise issues of material fact on the question of when employer knew or should have known it had a claim against the fund.

▆ We now turn to the second issue, employer's argument that the four-year statute of limitations announced in *Hernandez* should not be given retrospective effect. In determining whether a new decision should be given retrospective effect, the following factors must be considered: (1) whether the decision establishes a new principle of law, either by overruling clear precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the inequity imposed by retrospective application; (3) the merits and demerits of each case must be weighed by looking to the history of the rule in question, the rule's purpose and effect, and whether retrospective operation of the rule will further or retard its operation. *Whenry v. Whenry*, 98 N.M. 737, 652 P.2d 1188 (1982) (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)). *See also Walker v. Maruffi*, 105 N.M. 763, 737 P.2d 544 (Ct.App.1987). We shall discuss each of these three factors separately.

▆ Under the first factor, if the new law imposes significant new duties and conditions and takes away previously existing rights, then the law should be applied prospectively. *See Lopez v. Maez*, 98 N.M. 625, 651 P.2d 1269 (1982). We do not view *Hernandez* as having overruled precedent

on which litigants may have relied. Although employer interprets *Duran v. Xerox Corp.*, 105 N.M. 277, 731 P.2d 973 (Ct.App.1986), as establishing a principle regarding statutes of limitations applicable to the fund, we disagree with this interpretation. We have held that *Duran* simply stated that the one-year statute of limitations under the Workers' Compensation Act did not apply to claims against the fund, and did not exclude application of other periods of limitation. *See Hernandez v. Levi Strauss, Inc.*

Employer also argues that the administrative practice of the Workers' Compensation administration since *Duran* precludes retrospective application. It argues that the administration has interpreted *Duran* as holding that there is *no* statute of limitations against the fund. We believe there are two sound responses to this argument. First, we do not consider assertions made by affidavit of a claims adjuster as sufficient or adequate to show that the administration has followed a practice based on its belief that there is no statute of limitations against the fund. Second, we believe that administrative practices in contravention of law are not legally sufficient to preclude retrospective application of that law. Neither did *Hernandez* take away any previously existing right. We are not convinced that, before *Hernandez* was decided, employers had the right to file claims against the fund within a period exceeding four years from the time they knew or should have known they had a claim.

We also do not believe that the limitations rule announced in *Hernandez* was an issue whose resolution was not clearly foreshadowed. Neither are we convinced by employer's argument that it could not foresee that some statute of limitations would apply for claims against the fund. Indeed, statutes of limitations governing civil claims have been in existence for a considerable number of years. *See* NMSA 1978, §§ 37–1–1 to 37–1–28 (Orig.Pamp.). We determine that the rule of *Hernandez* was foreshadowed by the decision in *Duran*, which stated that the statute of limitations found in the Workers' Compensation Act

did not apply to claims against the fund. *Duran* clearly left unresolved the question of which statute of limitations did apply. Section 37–1–4, providing a four-year limitation, is the catch-all time bar for all civil causes of action not specifically addressed elsewhere. This statute is not new. We thus conclude that the four-year statute of limitations announced in *Hernandez* was clearly foreshadowed by both *Duran* and the general limitations periods for civil claims.

Employer also argues that the triggering event declared in *Hernandez*, as commencing the running of the four-year period, was not foreshadowed. We disagree. Since this "knowledge" criterion is the same event that triggers the running of the statute for claims filed by an injured worker, *ABF Freight Sys. v. Montano*, 99 N.M. 259, 657 P.2d 115 (1982), we consider it a reasonable and foreseeable extension to conclude that an employer's claim against the fund would likewise begin to run when it knew or should have known it had a claim.

Fairness is the underlying consideration under the second factor. Employer argues it would be unfair to hold that its claim is governed by a four-year statute of limitations when it has been operating under the assumption that there was no statute of limitations on claims against the fund. We consider it unreasonable for employer to assume there was no statute of limitations on its claim. Since the purpose of a statute of limitations is to encourage promptness in filing causes of action and to eliminate stale claims, *Gaston v. Hartzell*, 89 N.M. 217, 549 P.2d 632 (Ct.App.1976), we believe it would be far more unfair to hold that an employer may assert a claim against the fund for an indefinite period.

Finally, under the third factor, we consider whether application of the rule at issue would further or retard its operation. We believe that application of the rule will serve to bar only those actions against the fund that are based on stale claims. On public policy grounds, we determine that application of the rule would further its purpose and operation, not impede it.

Having carefully considered the *Whenry* factors, we hold that the four-year statute of limitations with respect to claims by an employer against the fund, as announced in *Hernandez*, should be applied retrospectively. We interpret *Hernandez* itself as having declared that the rule would have retrospective effect, and we have consistently applied the four-year statute of limitations since *Hernandez*. See *City of Roswell v. Chavez*, 108 N.M. 608, 775 P.2d 1325 (Ct.App.1989); *Davis v. Los Alamos Nat'l Laboratory*.

In summary, we hold that the four-year statute of limitations, as applied in *Hernandez*, governs claims against the fund in all cases not governed by the 1988 amendment, 1988 N.M.Laws, ch. 109, § 7. Under our analysis, since under either of the two arguments asserted by employer the fund was entitled to judgment as a matter of law, summary judgment was proper. We therefore affirm the judge's order granting summary judgment.

IT IS SO ORDERED.

DONNELLY, J., concurs.

BIVINS, Chief Judge, concurring in part; specially concurring in part.

I concur in the discussion and result as to the first issue. I concur in the result only as to the second issue.