859 P.2d 497

Johanna BEAVERS, Plaintiff–Appellee,

v.

JOHNSON CONTROLS WORLD SERVICES, INC. and Arthur Dasilva, Defendants–Appellants.

No. 13610.

Court of Appeals of New Mexico.

July 26, 1993.

Certiorari Granted Sept. 13, 1993.

**30**

Roger V. Eaton, Eaton & Hart, P.C., Albuquerque, for plaintiff-appellee.

Bradford V. Coryell, Compton, Coryell, Hickey & Ives, P.A., Santa Fe, for defendants-appellants.

## *OPINION*

BIVINS, Judge.

The opinion filed May 24, 1993, is withdrawn and the following substituted therefor.

Defendants appeal from the judgment on a verdict awarding Plaintiff $76,000 for mental and emotional damages proximately resulting from treatment by her immediate supervisor, Defendant Arthur DaSilva, while employed by Defendant Johnson Controls World Services, Inc. Plaintiff's cause of action went to trial under the prima facie tort theory adopted in *Schmitz v. Smentowski*, 109 N.M. 386, 785 P.2d 726 (1990). Although Defendants raise five issues on appeal, we conclude that the first issue is dispositive and therefore do not reach the remaining issues. The first issue is whether prima facie tort applies retroactively to conduct that took place before that cause of action was recognized. Holding that it does not, we reverse.

The facts giving rise to Plaintiff's cause of action arose in 1987. In January of that year, Plaintiff was transferred to a position as secretary for Defendant DaSilva. She claimed at trial that she was harassed, belittled, and humiliated by DaSilva and, as a result, suffered mental and emotional damages.

█ Almost three years after the events giving rise to Plaintiff's cause of action, our Supreme Court handed down its decision in *Schmitz*. That case, for the first time in New Mexico, recognized a cause of action for prima facie tort. At that time, only two jurisdictions had recognized prima facie tort as a specific tort cause of action. *See id.* at 393–94, 785 P.2d at 733–34. According to *Schmitz*, "[t]he theory underlying prima facie tort is that a party that intends to cause injury to another should be liable for that injury, if the conduct is generally culpable and not justifiable under the circumstances." *Id.* at 394, 785 P.2d at 734 (citing *Restatement (Second) of Torts* § 870 (1977)). Thus, the elements of prima facie tort are: (1) the defendant's intentional, lawful act; (2) the defendant's intent to injure the plaintiff; (3) injury to the plaintiff; (4) no justification or insufficient justification for the defendant's acts. *Schmitz*, 109 N.M. at 394, 785 P.2d at 734.

As stated in *Maxwell v. Ross Hyden Motors, Inc.*, 104 N.M. 470, 471, 722 P.2d 1192, 1193 (Ct.App.1986):

Courts have broad authority in determining whether to grant prospective or retroactive application of a new rule. *Lopez v. Maez*, 98 N.M. 625, 651 P.2d 1269 (1982). The choice generally depends on policy considerations, judicial philosophy and fairness. Justice Cardozo, in commenting on a state court's broad discretion in this area, noted: "The choice for any state [between prospective or retroactive] may be determined by the juristic philosophy of the judges of her courts, their conceptions of law, its origin and nature. We review not the wisdom of their philosophies, but the legality of

their acts." *Great Northern Railway Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 365, 53 S.Ct. 145, 148, 77 L.Ed. 360 (1932).

To decide whether *Schmitz* should be applied prospectively or retroactively, we apply a three-factor test:

(1) whether the decision establishes a new principle of law, either by overruling clear precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the inequity imposed by retrospective application; (3) the merits and demerits of each case must be weighed by looking to the history of the rule in question, the rule's purpose and effect, and whether retrospective operation of the rule will further or retard its operation.

*Kennecott Copper Corp. v. Chavez*, 109 N.M. 439, 442, 786 P.2d 53, 56 (Ct.App. 1990) (citing *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)); *see also Stroh Brewery Co. v. Department of Alcoholic Beverage Control*, 112 N.M. 468, 468–75, 816 P.2d 1090, 1090–97 (1991) (applying *Chevron Oil* test). We hold that, under the *Chevron Oil* test, *Schmitz* should not be applied retroactively.

*Schmitz* did not overrule clear precedent, but it did decide an issue of first impression whose resolution was not clearly foreshadowed. While the *Schmitz* Court stated that "[p]rima facie tort is not a recent innovation," *Schmitz*, 109 N.M. at 394, 785 P.2d at 734, and that recognizing it as a cause of action was consistent with New Mexico's recognition of other intentional torts, *id.* at 396, 785 P.2d at 736, the Court also acknowledged that, at the time of its decision, only two states had recognized prima facie tort as a specific cause of action. *Id.* at 393–94, 785 P.2d at 733–34. More to the point, recognition of prima facie tort as a cause of action "imposes significant new duties and conditions and takes away previously existing rights." *Lopez*, 98 N.M. at 632, 651 P.2d at 1276. As stated by the United States District Court for the District of New Mexico:

The *prima facie* tort takes away the right to exercise legal rights without fear of liability. It imposes a legal duty not to exercise legal rights if one of your motives is to harm another. An individual can no longer assume that because an action is lawful it will not incur liability. Under the *Lopez* standard, the *prima facie* tort should only be applied prospectively.

*Energy Fuels Dev. Corp. v. Howe–Baker Eng'rs, Inc.*, No. CIV–88–150–M, 1990, Pt. 3 USDCNM 2064, 2066 (D.N.M. July 9, 1990). While we recognize that *Energy Fuels* is not binding precedent on this Court, we adopt its succinct reasoning.

The imposition of new duties and removal of preexisting rights also is pertinent to the second *Chevron Oil* factor, the inequity imposed by retroactive application. Prima facie tort, by definition, punishes conduct that would otherwise be lawful. *See Schmitz*, 109 N.M. at 396, 785 P.2d at 736 (the theory underlying prima facie tort is "to provide remedy for intentionally committed acts that do not fit within the contours of accepted torts"). Thus, it punishes conduct that was lawful in New Mexico until *Schmitz* was decided. Indeed, New Mexico's version of prima facie tort allows recovery for actions that, while partially malicious, also have acceptable and legitimate goals. *Id.* at 395, 785 P.2d at 735 ("the act must be committed with the intent to injure ... but it need not be shown that the act was solely intended to injure"). We can perceive an inequity in opening the way for potentially huge tort liability to be imposed for actions that were lawful at the time they were taken and that may even have been partly motivated by acceptable and legitimate goals.

Finally, we examine the third *Chevron Oil* factor, whether retrospective application will further the purposes of prima facie tort. As a tort action, prima facie tort has three broad purposes: to compensate, to punish, and to deter. *See Folz v. State*, 110 N.M. 457, 472, 797 P.2d 246, 261 (1990) (purpose of tort law is to compensate, unless punitive damages awarded, in which case purposes also include punish-

ment and deterrence) (Montgomery, J., specially concurring); *Schmitz*, 109 N.M. at 391, 785 P.2d at 731 ("Our research indicates that punitive damages are contemplated under prima facie tort."); SCRA 1986, 13–1802 (Repl.1991) (determining measure of damages generally requires jury to "fix the amount of money which will reasonably and fairly compensate [the plaintiff] for ... [the] elements of damages proved by the plaintiff"); SCRA 1986, 13–1827 (Repl.1991) (punitive damages "are awarded for the limited purposes of punishment and to deter others from the commission of like offenses"). The goals of compensation and punishment arguably would be advanced by retroactive application, because an additional group of plaintiffs might be compensated, and a corresponding group of defendants might be punished. However, the goal of deterrence would not be advanced. Retroactive application of the prima facie tort doctrine would· not tend to deter, in the future, malicious acts covered by the doctrine— such acts were legitimate in the past, and it is not the purpose of tort law to deter legitimate acts. *See Stroh Brewery*, 112 N.M. at 472–73, 816 P.2d at 1094–95.

Having considered the *Chevron Oil* factors, we conclude that, on balance, retroactive application of the prima facie tort doctrine is not indicated.

■ Plaintiff calls our attention to two Supreme Court opinions filed after *Schmitz* in which, she claims, prima facie tort was apparently applied retroactively. However, in neither of those cases was the issue of retroactive application addressed. *See Lietzman v. Ruidoso State Bank*, 113 N.M. 480, 484 n. 3, 827 P.2d 1294, 1298 n. 3 (1992) (the defendant failed to preserve retroactivity argument); *Fleet Mortgage Corp. v. Schuster*, 112 N.M. 48, 50, 811 P.2d 81, 83 (1991) (trial court's dismissal of prima facie tort claim affirmed on evidentiary grounds). Generally, cases are not authority for propositions not considered therein. *Sangre De Cristo Dev. Corp. v.*

*City of Santa Fe*, 84·N.M. 343, 348, 503 P.2d 323, 328 (1972), *cert. denied*, 411 U.S. 938, 93 S.Ct. 1900, 36 L.Ed.2d 400 (1973), *and overruled on other grounds by Hicks v. State*, 88 N.M. 588, 592, 544 P.2d 1153, 1157 (19.75). ·—

■ In a motion for rehearing, Plaintiff also calls our attention for the first time to a recent United States Supreme Court decision which she claims has a significant impact on the prospective application of judicial decisions. In *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), the Supreme Court, Justice Souter joined by Justice Stevens, concluded that once the Court has applied a rule of law to the litigants in one case, it must do so with respect.to all others not barred by procedural requirements or res judicata. In *Beam*, the distiller brought suit to recover excise taxes that had been paid under a Georgia excise tax statute that imposed a greater tax on imported alcoholic beverages than was imposed on liquor manufactured from Georgia-grown products. The suit was prompted by *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), which held that a similar Hawaii law violated the Commerce Clause. Based on the *Bacchus* decision, the Georgia state courts declared its statute unconstitutional but refused to apply this ruling retroactively, relying on *Chevron Oil*. The United States Supreme Court reversed and remanded, holding that, when the Supreme Court applies a new rule of federal law to litigants in one case, the rule must be applied retroactively to all other litigants not barred by procedural requirements or res judicata.[1]

Because we do not consider *Beam* applicable, we denied Plaintiff's motion for rehearing. Nonetheless, we withdraw our earlier opinion so as to articulate our reasons for not applying *Beam*. We decline to follow that case here because: (1) since the prima facie tort issue is one of state law, the question of retroactivity/prospectivity

---

**1.** We note that while only two justices joined in the opinion, with four justices concurring only in the result, the *Beam* rule was adopted by a majority of the Court in *Harper v. Virginia Department of Taxation*, —— U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

also is a state law question, *compare Lopez*, 98 N.M. at 632, 651 P.2d at 1276 (highest court of state has inherent power to give decision prospective or retroactive application) *and Maxwell*, 104 N.M. at 471, 722 P.2d at 1193 (state courts have broad authority to grant prospective or retroactive application of new rule) *with Beam*, 501 U.S. at ——, 111 S.Ct. at 2443 (prospectivity/retroactivity question is federal one where rule at issue is federal) *and Stroh Brewery*, 112 N.M. at 480, 816 P.2d at 1102 (prospectivity or retroactivity of United States Supreme Court decision is question of federal law) (Montgomery, J., dissenting); (2) *Beam* modifies *Chevron Oil*, which has been adopted and applied by our Supreme Court, *see, e.g., Stroh Brewery*, 112 N.M. at 468–75, 816 P.2d at 1090–97, and this Court has no authority to overrule Supreme Court precedent, which we would be doing, particularly in light of *Stroh Brewery*, where our Supreme Court

found *Beam* inapplicable; and (3) the *Chevron Oil* test seems more appropriate to a case such as the one before us, as opposed to a tax case like *Beam*. Thus, *Beam* does not require a different result.

Having concluded that prima facie tort should not be applied retroactively, we reverse and remand with directions to dismiss Plaintiff's complaint against Defendants with prejudice. No costs are awarded.

IT IS SO ORDERED.

MINZNER, C.J., and CHAVEZ, J., concur.